HENRY VON GLAHN and others v. A. J. DeROSSETT and others.

*Practice — Severance of Defence — Demurrer.*

1. In an action against several defendants whose liability is joint and whose interest in the action is identical, the defendants will not be permitted to sever in their defence.

2. A demurrer, which in order to sustain itself invokes the aid of a fact not appearing upon the complaint must be overruled.

(Suggestions by *Pearson, C. J,* to Clerks of the Superior Courts upon the manner of making up records on appeal to the Supreme Court.)

(*Von Glahn* v. *Harris,* 73 N. C. 323, cited and approved )

CIVIL ACTION, tried at Fall Term, 1876, of BRUNSWICK Superior Court, before *McKoy, J.*

The action was commenced in New Hanover and removed to Brunswick on affidavit of plaintiff.

As the subject of the decision of this Court is a question of pleading a statement of the facts is unnecessary. The demurrer of defendant Kidder was sustained by the Court below and plaintiffs appealed.

*Messrs. W. S. & D. J. Devane* and *D. L. Russell,* for plaintiffs.

No counsel for defendants.

PEARSON, C. J.    In *Von Glahn* v. *Harris,* 73 N. C. 323, it is held that one creditor could not maintain an action against one stockholder; but that the action should be in the nature of a "creditors bill," in the name of one or more of the creditors in behalf of themselves and all of the other creditors who may choose to become plaintiffs against all of the stockholders.

Accordingly this action is by Von Glahn and the other creditors against DeRossett, Kidder and others, who are all

of the stockholders known to plaintiffs, with leave to make defendants any other stockholders who may become known to the plaintiffs.

DeRossett and the others defend by way of answer, except Kidder, who defends by way of demurrer.

The case now comes before us upon the demurrer of Kidder.

This is a novel mode of procedure and we are not willing to allow the case to be split up in that way. The defendants are under a joint liability; their interest in the questions involved is identical and much obscurity and confusion will result from a severance in the mode of defence. When there is but one defendant he is not allowed to demur and also to answer; after the demurrer is overruled he can put in an answer but he cannot defend in both modes at the same time; that would be double pleading in a way not provided for by the statute of Anne.

Here we have several defendants whose liability is joint and whose interest in the question is identical. To allow a severance in the mode of defence would let in all of the inconveniences which the rule of the common law in regard to practice, by which double pleading is not allowed, was intended to exclude. For illustration; If the demurrer of the defendant Kidder be disposed of, that will decide the merits of the case, and the defendants DeRossett and others will not have had an opportunity of being heard by counsel. If the demurrer should be overruled, the case will in effect be decided against them, and if it be sustained the case will be dismissed as to Kidder and they will be left in an anomalous condition.

By the old equity practice, when the Court is unwilling to sustain a plea and yet hesitates to overrule it absolutely a middle course is adopted, the plea is overruled "reserving the equity until final hearing." See Mitford's Pleading. Pursuing this analogy, the demurrer will be overruled with

Von Glahn *v.* DeRossett.

leave for the defendant to make the same defence by way of answer—the point not being now decided.

The second ground of demurrer is subject to another objection. It is "a speaking demurrer," as styled by the books. That is, in order to sustain itself, the aid of a fact not appearing upon the complaint is invoked, to-wit; the allegation that at the expiration of the charter, the Bank held a fund which should be first applied to the satisfaction of the debts of the plaintiffs. Whether there be any fund left on hand at the expiration of the charter of the Bank is a question of fact that cannot be inquired into upon demurrer, which raises only an issue of law in regard to the cause of action set out in the complaint.

Error. Demurrer overruled, reserving the equity of the defendant.

Should this case extending now to 110 pages be brought up again we will not open the papers unless all of the material pleadings are printed or unless there be "an index" to the several pages.

The Court will say to the Clerks of the Superior Courts, "instead of *attaching all* of the *papers together*, so as to make it "a labor" for the Justices to keep the "legal cap" from "folding up" &c. which provision was imported from the State of New York into our State, where fortunately there has not been any use for it, we would be better pleased if you endorse a file of papers "complaint and answer"; another file, "evidence and charge of Judge"; another "judgment and appeal."

In this way the members of the Court will be relieved from a labor that has got to be intolerable; i. e. 123 pages of manuscript to decide a demurrer which is not conclusive upon the other defendants

Error.


Per Curiam.                    Judgment reversed.