The plaintiff claimed a debt on W. A. Alspaugh of $290, with interest, secured by notes and mortgages assigned as collateral, as appears in the pleadings, and prayed for judgment on debt and foreclosure of collateral mortgages.
W. A. Alspaugh, witness in his own behalf, testified: "I paid off the notes and mortgages set forth in the complaint; paid to H. Montague three notes. I told Montague I had come to pay them off. I paid him $200 with my own money. Montague asked me if I wanted them transferred to me, and said I had better do it, and transferred them to me. I then went to R. B. Kerner and told him I wanted to pay off his mortgage, and paid him $100. He asked me if I (632) wanted the note and mortgage transferred to me, and I told him I supposed so, as Montague had transferred his three mortgages; he transferred it to me. These are the mortgages set out in the complaint. It was my own money I paid Kerner, and I did all this in consequence of an agreement with Samuel Reich. I transferred all these notes and mortgages to plaintiff as collateral security for the purchase money of a tract of land I bought from him. I agreed to pay him $3,000, and transferred these notes and mortgages to him as collateral security for debt. I kept the land for twelve months, and then I had another bargain with plaintiff, and he agreed to take the place back at the same price, $3,000. I was to pay him $200, and the purchase of the land by me was to be rescinded and my note surrendered. These collateral notes and mortgages were to be surrendered. I offered him $200 and demanded the notes and mortgages, and he refused to deliver them up. I did not offer Styers $200 in cash, as I did not have the cash, but offered my note and interest for it, and also agreed as a condition to rescind the land trade and pay interest on the $3,000 for one year. I had paid $90 on that interest and agreed to pay $90 more, and have not paid that. I was to pay $290, all told, as a condition of rescinding the trade, in addition to what I had paid on interest. I surrendered Styers the land I bought from him and made him a deed. I still owe him $290 for rescinding the trade. I agreed to pay him $290 for rescinding the trade, and agreed to pay him this $290 on the $3,000 note and give up the land in settlement of it, and *Page 390 
Styers agreed to it. I did not have the cash, but offered him my note, and Styers refused to surrender the notes and mortgages sued on until I paid the $290. I could have borrowed money and paid him (633) if he would surrender the notes and mortgages. This was agreed 9 October, 1893, and I made Styers the deed. I took the rents of the land for one year."
J. H. Reich, another defendant, testified: "I went with Alspaugh, who is my son-in-law, to Montague. I saw him pay Montague the money. He paid the notes and mortgages to Montague. Montague had threatened to sell the land. Montague transferred the papers to Alspaugh. Montague said he had better transfer them, and Alspaugh said `All Right.' Sam Reich told Alspaugh that if he would pay the debt he would will him some property, but I don't know that he ever did so."
The burden of proof being on the defendant, and this being all the evidence offered, the plaintiff introduced no evidence and took the evidence offered the court.
The court instructed the jury to answer the issues in favor of the plaintiff, and defendant excepted.
The defendant also excepted, for that the mortgagees, Montague and the heirs at law of R. B. Kerner, who held the legal title, were not parties to the action. Upon the mortgages to H. Montague there was no endorsement. Upon the note the following endorsements appear: "For value received, I hereby transfer the within note and M. D. to W. A. Alspaugh, 22 February, 1890. H. Montague" — with similar endorsement heretofore from W. A. Alspaugh to plaintiff, dated 15 April, 1892. The endorsement on the Kerner note, which was also secured by a mortgage on another tract, was as follows: "Pay to W. A. Alspaugh without recourse on me. R. B. Kerner." And also the following: "For value received, I hereby transfer this bond and M. D., securing the same to H. A. Styers, this 15 April, 1892. W. A. Alspaugh."
(634) The issues submitted and the responses thereto were as follows:
1. Q. "Were the notes and mortgages set out in the complaint paid and discharged by defendant Alspaugh, as alleged by defendant?" Answer: "No."
2. Q. "Were the notes and mortgages set out in the complaint transferred to plaintiff by defendant Alspaugh as collateral security for a debt, and if so, what sum is due thereon by Alspaugh to Styers?" Answer: "Two hundred and ninety dollars, with interest from 9 October, 1893." *Page 391 
There was a motion for a new trial; motion overruled. The defendant excepted and appealed, assigning as error:
First exception. To dismiss for want of proper parties, to wit, the holders of the legal estate, or that the cause was improperly brought.
Second exception. To the charge of his Honor, "That upon this testimony the jury should answer the issues in favor of plaintiff."
It appears from the complaint and answer that the notes and mortgages executed by the defendant Reich to Montague and Kerner were transferred to the defendant Alspaugh, and it follows, therefore, that these mortgagees were not necessary parties to this action. Where the defect of parties is apparent on the face of the complaint, the objection must be made by demurrer; if not so apparent, by answer. The Code, secs. 239, 240; Kornegay v. SteamboatCo., 107 N.C. 115; Leak v. Covington, 99 N.C. 559. If the above admission, however, had not been made in the answer, the defendants, on discovering during the trial the defect of parties plaintiff, should have moved to amend their answers and to have Montague (635) and Kerner, the mortgagees, made parties. His Honor below very properly refused to allow them to present their case to the jury, and then, after an adverse verdict, to make the exception that there was a defect of parties to the suit. The plaintiff was satisfied, it seems, to proceed, relying upon the sufficiency of the assignment of the notes and mortgages by the mortgagors, Montague and Kerner, to the defendant Alspaugh, and the assignment by him to the plaintiff, or, if not, upon the subjection of the equitable interests of the defendant Reich in the mortgaged land to the payment of his debt. The defendants should have made their objection, on account of defects of parties, before the case was put to the jury. His Honor instructed the jury that upon the testimony they should find the issues in favor of the plaintiff. The defendant Alspaugh testified that he, with his own money, paid off the notes and mortgages and took an assignment of them from the mortgagees to himself. What the witness said about an agreement between himself and one of the mortgage debtors in reference to the payment of the debt is too vague to amount to anything in law. The fact was that Alspaugh paid the notes and mortgages with his own money and took an assignment of them to himself, *Page 392 
and afterwards used them as collateral security for a debt he owed the plaintiff. There is
No Error.
(636)