E. C. BESSELIEW AND J. W. YATES, RECEIVERS OF THE SOUTHERN MUTUAL
    HOME AND REAL ESTATE COMPANY, V. C. C. BROWN ET AL.

(Filed 3 January, 1919.)

## 1. Corporations—Directors—Trusts and Trustees—Negligence.

The directors and managing officers of a corporation are trustees, or
*quasi* trustees, in respect to their corporate management, and while they
are not responsible, as a rule, for a loss arising from mere errors of judg-
ment or from slight omissions, they may, in proper instances, be held
liable for loss or depletion of the company's assets due to their willful or
negligent failure to perform their official duties or the failure to exercise
the care and attention that a prudent man should exercise in like circum-
stances and charged with like duties or in the conduct of his own affairs
of a similar kind.

## 2. Same—Receivers—Actions.

Where the directors or managing officers of a corporation are liable in
damages for their willful or negligent failure to exercise the care and at-
tention to the corporate affairs entrusted to them and which they have
assumed, an action will lie against them in favor of the corporation, and
in case of its insolvency and receivership, in favor of its receiver.

## 3. Pleadings—Demurrer—Corporations—Directors—Negligence—Damages.

Where the complaint in an action by the receiver of an insolvent corpo-
ration against its directors alleges, in effect, that the defendants had left
the entire management of the corporate business to the secretary without
supervision or requiring bond or accounting from him, etc.; that they had
not held a directors' meeting for a year, in which time the secretary of
the company had misappropriated a large sum of money, causing the in-
solvency, and that judgment had been obtained against the corporation;
that they did not know that the secretary had defaulted until he had con-
fessed thereto, etc.: *Held*, a good cause of action is stated, which, if estab-
lished, the defendants, or those of them in default, may be held liable for
the loss which resulted as the proximate cause of their negligence, and a
demurrer thereto is bad.

## 4. Corporations—Receivers—Directors—Negligence—Shareholders—Contributory Negligence—Pleadings—Demurrer.

Where a receiver has been appointed for a corporation, there is a pre-
sumption that it is insolvent, having unpaid creditors whose rights are to
be considered; and where, in the receiver's action against the directors to
recover damages for the defendants' neglect of duty, the complaint alleges
a good cause of action the contributory negligence of the stockholders in
neglecting their rights for a period of time will not bar a recovery, and a
demurrer is bad.

## 5. Pleadings—Aider—Speaking Demurrer.

Where the complaint in an action by the receiver of an insolvent corpo-
ration against its directors alleges a good cause of action for damages
arising from their negligence in managing the corporate affairs, a de-
murrer may not be aided by allegations of facts not therein appearing, for
such would be a speaking demurrer, condemned both under the common
law and code systems of pleadings.

5—177

**6. Corporations — Directors — Negligence— Compromise— Estoppel— Damages.**

Where the directors of a corporation negligently entrusted the management of the corporate affairs to its secretary, who misappropriates the company's funds, and the directors thereafter secure the repayment of the same by mortgage, which it subsequently compromises and pays the money thus received to the corporation, the acceptance of the money does not estop the receiver from maintaining his action for the loss sustained, and this may only be considered in reduction of the damages recoverable.

ACTION by the receivers of said corporation to recover of the directors and managing officers of same for loss of company's assets, due to alleged negligence of defendants in failing to perform their official duties, etc., and heard on demurrer to the complaint before *Lyon, J.,* at April Term, 1918, of NEW HANOVER.

There was judgment overruling the demurrer, and the defendants excepted and appealed.

*A. G. Ricaud and E. T. Burton for plaintiffs.*
*E. K. Bryan and Robert Ruark for defendants.*

HOKE, J. The complaint alleges that in 1904 the company in question was duly incorporated and organized pursuant to the laws of the State, and engaged in the transaction of business as contemplated by the charter, etc.; that in 1916, on petition filed and approved by two-thirds of the stockholders, the company was declared insolvent and plaintiffs appointed receivers and authorized and directed to collect and take charge of company's assets, etc., the order appointing said receiver containing, among other things, a judgment against the company in favor of A. C. Dawson for $848.70, which is annexed and made part of the complaint as Exhibit A, and on leave duly granted the present suit was instituted against defendants, the directors, some of whom were also members of the executive committee and managing officers of the company.

It was further alleged, in effect, that the defendants, who had long been directors of the company and some of whom, as stated, were its managing officers and members of the executive committee, had utterly failed to attend to the business of the company or to perform the duties incumbent upon them and incident to their respective positions, but had turned over the entire management of the company and its business and the custody and care of its assets to one M. C. Hammond, the secretary, and without any supervision or control on their own part; that they did not attend the directors' meetings, as required; they took no bond from said Hammond; did not have his accounts audited nor even require any reports from him, with the result that he made away with the company's assets to the amount of $12,636.19, causing its insolvency, and in

July, 1915, had written a letter to one of defendants, C. C. Brown, confessing his default, which is also made a part of the complaint.

It is further alleged that the directors took a mortgage from the sister of said Hammond to secure $6,000 of the sum embezzled by him, and thereafter the directors wrongfully accepted $3,000 in adjustment of the company's claim against Hammond.

Having set forth these matters with great fullness of detail, averment is further made, in section 26 of the complaint: "That said defendants were further guilty of reckless negligence in failing to discharge their duties as trustees, by reason of being directors of said company, in that they failed and neglected to hold and attend meetings as directors, as required by law and the by-laws of the company, in order to look after, scrutinize, and protect the business of the corporation and the interests of the stockholders and creditors of same. That during the year 1914 there was only one director's meeting for the entire year, which was held on the 22d day of January, 1914, and there was no other meeting of the board of directors until 21 January, 1915, and that there was no other meeting until after the defalcation of Hammond was acknowledged by him in August, 1915, and during this period of time, from January, 1914, until August, 1915, the business of the corporation was left almost entirely, if not wholly, to the management, control, supervision, and destruction of a self-confessed embezzler, without any restraint, control or direction whatever from any other source," and judgment is then asked for the amount of the loss due to the inattention and neglect of the defendants, etc.

It is fully established in this jurisdiction and elsewhere that the directors and managing officers of a corporation are to be properly considered and dealt with as trustees, or *quasi* trustees, in respect to their corporate management, and may, in proper instances, be held liable for loss or depletion of the company's assets due to their willful or negligent failure to perform their official duties. They are not, as a rule, responsible for mere errors of judgment (*Fisher v. Fisher,* 170 N. C., 378, and authorities cited), nor for slight omissions from which the loss complained of could not have reasonably been expected; but where they accept these positions of trust they are expected and required to give them the care and attention that a prudent man should exercise in like circumstances and charged with a like duty, usually the care that he shows in the conduct of his own affairs of a similar kind; and if there is a breach of legal duty in this respect, causing a loss of the company's assets, the corporation may sue, and in case of insolvency the action can be maintained by the receiver. *Steele v. Hardware Co.,* 175 N. C., 450; *Whitlock v. Alexander,* 160 N. C., 465; *Pender v. Speight,* 159 N. C., 612; *McIver v. Hardware Co.,* 144 N. C., 478; *Houston v. Thorn-*

*ton,* 122 N. C., 365; *Solomon v. Bates,* 118 N. C., 311; *Townsend v. Williams,* 117 N. C., 330; *Hill v. Lumber Co.,* 113 N. C., 173; *Briggs v. Spalding,* 141 U. S., 132; *Fisher v. Pair et al.,* 92 Md., 245; *Olney v. Conament Land Co.,* 16 R. I., 592; *Hodges v. New Eng. Screw Co.,* 1 R. I., 312; *Williams v. McKay,* 40 N. J. Eq., 189; *Bosworth, Receiver, v. Allen et al.,* 168 N. Y., 157; Cook on Corporations, secs. 701-703 and 869; 2 Thompson on Corporations, sec. 1410; 3 Pomeroy Eq. Jur., sec. 1090 *et seq.;* Clark on Corporations, p. 515.

In *Briggs v. Spaulding, supra,* the controlling principle is stated as follows: "Directors of a national bank must exercise ordinary care and prudence in the administration of the affairs of a bank, and this includes something more than officiating as figure-heads; they are entitled under the law to commit the banking business, as defined, to their duly authorized officers; but this does not absolve them from the duty of reasonable supervision, nor ought they to be permitted to be shielded from liability because of want of knowledge of wrong-doing if that ignorance is the result of gross inattention."

In *Fisher v. Pair, supra,* it is held, among other things: "Equity has jurisdiction of a bill filed by a corporation, or by its receivers when insolvent, to enforce the personal liability of the directors of the corporation for negligence in the performance of their duties. Directors or managers of a corporation are required to perform their duties with reasonable skill and care, and are answerable for neglect to exercise that degree of prudence that men generally exercise in their own affairs under like circumstances. It is not enough that directors employ officers and agents of good character and skill, but the conduct of the agents must be watched with such vigilance as a discreet business man would exercise over his own affairs. The directors are liable if they suffer the corporate property to be lost by gross inattention to the duties of their trust, and are not relieved from liability because they had no actual knowledge of wrong-doing if that ignorance was the result of gross negligence."

In that case, *Associate Justice Fowler,* delivering his learned and well-considered opinion, makes further reference to the duty properly imposed upon directors, as follows: "What, then, is the care which is required of directors? There ought to be no difficulty about the answer to this question. Directors are selected by the stockholders to manage the concerns of the corporation, and it would seem, therefore, to require no authority, nor indeed more than the bare statement of the fact, that, as *Lord Hatherley* said in *Land Co. v. Lord Fermoy,* L. R. 5 chap. 770, 'If the directors sleep, instead of being awake, their being asleep could not exempt them from the consequences of not attending to the business of the company.' It is not, of course, to be expected that the directors

shall attend to the current business, but they must, at their peril, give such attention to and so manage the concerns of the company that they may be able at all times to know what their executive officers and other agents as well as their fellow-directors are doing, and how they are acting in respect to the funds and property of the corporation. In *Williams v. McKay,* 40 N. J. Eq., 189, *Chief Justice Beasly* said, 'I entirely repudiate the notion that this board of managers could leave the entire affairs of this bank to certain committeemen, and then when disaster to the innocent and helpless *cestuis que trustent* ensued stifled all complaints of their neglect by saying, we did not do these things and we know nothing about them. . . . The neglectful acts in question cannot be regarded by the Court as isolated instances, for they run through the whole period of the life of the institution, and thus evince a systematic and habitual disregard of the company's charter and a very striking indifference to the security of the money held in trust by them.' "

Under the doctrine as declared and approved in these well-considered authorities the plaintiff has undoubtedly set forth a good cause of action, and if on the hearing the facts are established as stated, defendants, or those of them shown to be in default, may be held liable for the loss which resulted as the proximate consequence of their negligence.

In *Houston v. Thornton* and *Solomon v. Bates, supra,* recovery by a stockholder against individual directors was sustained, but there, as will appear from a perusal of those well-considered cases, the individual stockholder had suffered the injury, having been induced to acquire and pay for stock comparatively worthless by the negligent or fraudulent representations of the directors sued. But where, as in this case, the wrong has been done to the corporation, it must sue or, on proper averment, the company or its legal representative should ordinarily appear as a party either plaintiff or defendant. See *Pender v. Speight, supra.; Braswell v. Bank,* 159 N. C., 629; *Coble v. Beal,* 130 N. C., 533; Pomeroy Eq. Jur., sec. 1090 *et seq.*

As we understand their position, however, defendants in this case have raised no objection to the form of the suit, nor by reason of improper parties, but rest their demurrer on the ground:

(1) That the court will take judicial notice of the fact that in the long period covered by the alleged default of defendants the stockholders themselves should have had their regular meetings, and are guilty of contributory negligence, barring recovery, in failing to have the mismanagement corrected, and in the election of Hammond as director.

(2) That the company, through its directors, having received and retained the $3,000 paid in adjustment of Hammond's default, are estopped from any suit on account of his said acts: but neither objection can for a moment be maintained.

As to the first position, it would suffice to say that the corporation being insolvent and in the hands of receivers there are, presumptively, creditors whose rights are to be considered, and as a matter of fact an unsatisfied judgment against the company is annexed as a part of the complaint. But apart from this, it is the accepted position that a demurrer must restrict itself to the facts as they appear in the complaint, and if the legal position insisted on be conceded, it nowhere appears in the complaint that there has been any negligence on the part of the present holders of the shares of stock barring recovery. Giving the fault its technical term, this at best would be a speaking demurrer, condemned both under the common law and code systems of pleading. *Von Glahn v. DeRossett,* 76 N. C., 292; Green Pl. & Pr. Under Code, sec. 878.

In the last citation it is said: "A demurrer is only appropriate when the defect or objection appears on the face of the pleading, as it is not the province of a demurrer to state objections not apparent on the face of the pleadings, nor can it do so either under the old or the new system. Such a practice could not be tolerated."

As to the second ground, if this were an action seeking further recovery against Hammond the position might require consideration, but the action, as we have seen, is against the defendants, the directors and managing officers of the company, to recover for the loss of the company's assets, attributable to their own negligent breach of duty, the taking of this $3,000 when they had a mortgage to secure $6,000 being one of the items of charge. This may have been a mere error of judgment on their part, or it may have been the best course to take under the circumstances presented, but we fail to see how it could inure to the protection of defendants, except in reduction of the damages, if any, that may be shown against them, and this effect is allowed it in the complaint.

There is no error; and the judgment overruling the demurrer is Affirmed.