FLORA REEL, ADMINISTRATRIX OF W. R. REEL, DECEASED, v. T. J. BOYD.

(Filed 7 March, 1928.)

**1. Appearance—General Appearance—What Constitutes.**

An appearance for the purpose of filing a demurrer to the complaint is a general appearance to its merits and confers jurisdiction by waiving a proper service of summons. C. S., 490.

**2. Pleadings—Demurrer—Nature of Grounds.**

To sustain a demurrer to the complaint for misjoinder of parties and causes of action the defectiveness complained of must appear upon the face of the complaint to which the objections are made.

**3. Pleadings—Demurrer—"Speaking Demurrer."**

A demurrer that depends exclusively upon its own material allegations to establish a vital defect in the pleadings objected to is bad as a "speaking demurrer."

**4. Appeal and Error—Review—Motion for Additional Parties in Supreme Court.**

Where an order sustaining defendant's demurrer to the complaint is reversed on appeal, plaintiff's motion for new parties to be made to the action will not be allowed in the Supreme Court, but the plaintiff will not be prejudiced in his right to make the motion in the Superior Court.

APPEAL by plaintiff from *Harris, J.,* at November Term, 1927, of PAMLICO. Reversed.

From judgment sustaining defendant's demurrer to the complaint, and dismissing the action, plaintiff appealed to the Supreme Court.

*Z. V. Rawls and D. L. Ward for plaintiff.*
*F. C. Brinson for defendant.*

CONNOR, J. Defendant demurred to the complaint for that summons had not been served within ten days after it was issued, and that no alias or pluries summons had been issued in the action. The demurrer cannot be sustained upon this ground. Defendant by his general appearance in the action waived all defects with respect to service of summons.

18—195

The statute provides that a voluntary appearance by a defendant is equivalent to personal service of summons. C. S., 490. An appearance for the purpose of filing a demurrer to the complaint is a voluntary, general appearance, and the court in which the action was brought thereby acquires jurisdiction of the defendant.

Defendant demurred upon the further ground that there is a defect of parties plaintiff, upon the facts alleged in the demurrer. It does not appear upon the face of the complaint that there is any defect of parties. Upon the facts alleged in the complaint, plaintiff has a cause of action against the defendant upon which she may alone recover. It is only where a defect of parties is apparent on the face of the complaint that objection can be taken thereto by demurrer. Where there is no defect of parties upon the allegations of the complaint, objection must be made by answer. *Styers v. Alspaugh,* 118 N. C., 630. The demurrer filed in the instant case is what is called "a speaking demurrer," and should have been overruled. A demurrer which is dependent upon allegations therein, or which attempts to sustain itself is bad. *S. v. McCanless,* 193 N. C., 200; *Latham v. Highway Commission,* 185 N. C., 134.

Plaintiff's motion in this Court that certain persons be made parties plaintiff is denied. Upon defendant's filing an answer in the Superior Court plaintiff may renew her motion to make additional parties plaintiff. The motion will then be heard and considered without prejudice from the denial of her motion in this Court, or of any motion she may have made heretofore in the Superior Court. There is error in the judgment sustaining the demurrer and dismissing the action. The judgment is

Reversed.