H. H. ELLIS v. FRED A. PERLEY, J. A. LANCE, J. C. CONELLY, AND J. D. ECKLES.

(Filed 25 February, 1931.)

**Pleadings D c—Demurrer in this case held bad as speaking demurrer.**

A demurrer to the complaint upon the ground that the statute conferring jurisdiction on the court is unconstitutional, is bad as a speaking demurrer and will be overruled.

CONNOR, J., concurs in result; STACY, C. J., dissenting.

APPEAL by defendant, J. D. Eckles, from *Oglesby, J.,* at December Term, 1930, of BUNCOMBE. Affirmed.

This is a civil action brought in the General County Court of Buncombe County, N. C., by plaintiff against defendants, to recover $8,444.62, and interest, due on certain promissory notes with sundry credits thereon.

The demurrer of J. D. Eckles in the General County Court of Buncombe County, N. C., is as follows: "Now comes the defendant, J. D. Eckles, and demurs to the complaint of the plaintiff herein and assigns as grounds for such his demurrer that this court has no jurisdiction of the subject of this action, for that the public statutes in virtue of which this court is attempting to exercise jurisdiction of this action violate the Constitution of North Carolina, and are, therefore, void."

The judge of the General County Court of Buncombe County, N. C., overruled the demurrer. Defendant J. D. Eckles appealed to the Superior Court and the judgment of the General County Court of Buncombe County, N. C., was affirmed and defendant J. D. Eckles appealed to the Supreme Court.

*George W. Craig, J. W. Pless and George H. Ward for plaintiff.*
*Carter & Carter for defendant, J. D. Eckles.*
*J. G. Merrimon and Joseph W. Little for Buncombe County Bar Association—Amicus Curiæ.*

CLARKSON, J. We think the court below was correct in overruling the demurrer. In *Brick Co. v. Gentry,* 191 N. C., at p. 642, speaking to the subject: "A demurrer can be sustained, and it is only appropriate, when the defect or objection appears on the face of the pleadings, as it is not the province of a demurrer to state objections not apparent on the face of the pleading to which it is directed. A 'speaking demurrer,' as styled by the books, is one which invokes the aid of a fact, not appearing on the face of the complaint, in order to sustain itself, and is condemned, both by the common law and the Code system of pleading. *Besseliew v. Brown,* 177 N. C., 65; *VonGlahn v. DeRossett,* 76 N. C., 292." *Justice v. Sherard,* 197 N. C., 237; *Buchanan v. Feldspar Milling Co., ante,* at p. 53.

It is also said that "A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting for the purpose the truth of the allegations of fact contained therein." *Meyer v. Fenner,* 196 N. C., at p. 477; *Winston-Salem v. Ashby,* 194 N. C., at p. 390; *Efird v. Winston-Salem,* 199 N. C., at p. 35.

In *Enloe v. Ragle,* 195 N. C., at p. 38, speaking to the subject: "A general demurrer will not be allowed. A demurrer must distinctly specify the grounds of objection or it may be disregarded. It may be taken to the whole complaint or to any of the alleged causes of action stated therein. C. S., 512. A demurrer to the jurisdiction or that the complaint does not state facts sufficient to constitute a cause of action, will be treated as a motion to dismiss, and can be interposed *ore tenus* at any time, even in the Supreme Court. The Supreme Court may raise the question *ex mero motu. Seawell v. Cole,* 194 N. C., p. 546." "Speaking demurrer" is bad. *Reel v. Boyd,* 195 N. C., 273.

For the reasons given, the judgment of the court below is
Affirmed.

CONNOR, J., concurs in result.

STACY, C. J., dissenting: I think the question of jurisdiction over the subject of the action is properly presented by the defendant's demurrer and should be decided, even though it challenges the validity of the statute which confers civil jurisdiction on the General County Court of Buncombe County. *Williams v. Williams,* 188 N. C., 728, 125 S. E., 482; *Provision Co. v. Daves,* 190 N. C., 7, 128 S. E., 593; McIntosh's N. C. P. & P., pp. 56 and 448; Clark on Code Pleading, 358. See, also, *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175. But in deference to the contrary view of the majority, I withhold any opinion on the validity of said statute.