MELVIN WILLIAMS, EMPLOYEE, v. J. MARVIN THOMPSON, EMPLOYER, AND NATIONAL CASUALTY COMPANY, INSURANCE CARRIER.

(Filed 21 December, 1932.)

1. **Master and Servant F h—Application to Industrial Commission for review of award for changed condition held made within time.**

   Where the Industrial Commission in a hearing before it awards compensation to an injured employee for total loss of his right eye, and directs that the award in respect to injury to the employee's left eye be held *in fieri* until an examination could be made by a specialist to determine the extent of injury to that eye, and thereafter a final award is made for such injury upon report of the specialist: *Held*, an application by the employee for a review of the award in respect to the injury to his left eye made within twelve months from the final award for injury to his left eye is within the limitation prescribed by section 46, chapter 120, Public Laws of 1929, although such application is made more than twelve months after the final award for injury to the right eye, and even though it be conceded that the amendment by section 6, chapter 274, Public Laws of 1931, does not apply.

2. **Master and Servant F k—Order of trial court that insurer pay reasonable attorney's fee held authorized by statute.**

   Where the insurer appeals from an award of the Industrial Commission made upon application of the employee for a review of the award for changed condition, and at the time of such application by the employee and appeal by the insurer the provision of section 62, chapter 120, Public Laws of 1931, had become effective, an order by the judge of the Superior Court, included in the judgment affirming the award, that the insurer pay the cost of the proceedings in the Superior Court, including reasonable attorneys' fees to be determined by the Industrial Commission, is without error. N. C. Code of 1931, sec. 8081(rrr).

APPEAL by defendants from *Sinclair, J.,* at September Term, 1932, of WAKE. Affirmed.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act, for injuries suffered by the plaintiff on 4 July, 1929.

At a hearing before the full Commission on 30 May, 1930, the findings of fact and conclusions of law made by Commissioner Wilson at a hearing before him on 9 November, 1929, were adopted and approved. An award was thereupon made by the full Commission in words as follows:

"That the defendants pay to the plaintiff compensation for total disability from 12 July to 5 September, 1929, inclusive, at the rate of $9.90 per week; that the defendants pay to the plaintiff compensation

for a period of one hundred (100) weeks at the rate of $9.90 per week for total loss of right eye, payments to begin on 6 September, 1929; that the defendants pay to the plaintiff compensation for partial loss of vision of left eye, at the rate of $9.90 per week for period beginning upon expiration of one hundred (100) week period above referred to, for such time as the percentage of loss of vision of plaintiff's left eye bears to the total of one hundred (100) weeks, the percentage to be determined by a specialist to be named by the Commission."

The defendants appealed from this award to the Superior Court of Wake County. This appeal was heard at February Term, 1931, of said court. The award of the Industrial Commission was affirmed by Moore, special judge, presiding at said term. The defendants appealed from the judgment of the Superior Court, affirming the award of the Industrial Commission, to the Supreme Court. This appeal was heard at Spring Term, 1931, of the Supreme Court. The judgment of the Superior Court was affirmed on 18 March, 1931.

After the judgment of the Supreme Court had been certified to the Superior Court of Wake County, the Industrial Commission, on the report of Dr. Gibson, the specialist named by said Commission as provided in its award dated 30 May, 1930, made a final award in this proceeding. This award is dated 24 April, 1931, and is in words as follows:

"The defendants will pay to the plaintiff compensation for temporary total disability from 12 July to 5 September, 1929, inclusive, at the rate of $9.90 per week, and in addition thereto, the defendants shall pay to the plaintiff compensation at the same rate for a period of one hundred (100) weeks, for total loss of the right eye, and pay compensation at the same rate for thirty-six (36) weeks, for thirty-six per cent (36%) loss of vision in the left eye as found by Dr. Gibson in his report to the Commission dated 21 March, 1931."

On 29 April, 1931, the plaintiff caused notices to be served on the defendants and on the Industrial Commission, that he would apply to said Commission for a review of its award dated 24 April, 1931, and for an increase in the amount of compensation to be paid him by defendants, because of a change in his condition. This application was duly made.

Plaintiff's application for review was heard by Commissioner Wilson on 3 August, 1931. Upon the facts found by him, and in accordance with his conclusions of law, Commissioner Wilson made an award on 8 August, 1931, which was reported to the full Commission, and certified by the full Commission to the parties to the proceeding, on 2 September, 1931. This award was in words as follows:

"Upon the finding that the plaintiff is industrially blind and permanently totally disabled, the award of 24 April, 1931, is vacated, and set aside, and the defendants will pay to plaintiff compensation at the rate of $9.90 per week from 11 July, 1929, for a period of four hundred (400) weeks, credit allowed for payments made. Defendants will pay costs of medical and hospital treatment. Defendants to pay costs of hearing."

The award was affirmed by the full Commission, at a hearing held on 15 September, 1932, and defendants appealed to the Superior Court of Wake County. This appeal was heard by Sinclair, J., at September Term, 1932, of said court. At said hearing, it was ordered and adjudged "that the judgment rendered by the North Carolina Industrial Commission be, and it is hereby, affirmed, and it is further ordered and adjudged that the costs of this hearing shall be paid by the defendants and under and by authority of section 8081(rrr) of the North Carolina Code of 1931, it is further ordered and adjudged that such costs shall include reasonable attorneys' fees to be determined by the North Carolina Industrial Commission."

From this judgment, the defendants appealed to the Supreme Court.

*R. L. McMillan and C. A. Douglass for plaintiff.*
*Willis Smith and John H. Anderson, Jr., for defendants.*

CONNOR, J. Section 46 of chapter 120, Public Laws of North Carolina, 1929, known as "The North Carolina Workmen's Compensation Act," prior to its amendment by section 6 of chapter 274, Public Laws of North Carolina, 1931, is in words as follows:

Section 46. Upon its own motion, or upon application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but no such review shall be made after twelve months from the date of the first award."

By the amendment the words "first award" are stricken from the section, and in lieu thereof the words "last payment of compensation pursuant to an award under this chapter," inserted.

The defendants contend that the foregoing section as it appeared prior to the amendment is applicable to this proceeding, for the reason that the proceeding was begun before the date of the amendment. Conceding without deciding that this contention is well founded, the de-

terminative question presented by this appeal is, what is the date of the first award in this proceeding, which the Industrial Commission, on the application of the plaintiff, has reviewed?

The Industrial Commission awarded full compensation for the loss of plaintiff's right eye on 30 May, 1930. In the award of that date, the Commission held that the plaintiff was entitled to compensation also for the injury to his left eye. It did not determine in said award the amount of compensation for the injury to the left eye, but directed that the award be held *in fieri*, until an examination could be made by a specialist to determine the extent of the injury to the left eye. The Commission had the power to make this award. *Williams v. Thompson*, 200 N. C., 463, 157 S. E., 430.

The first award of compensation for injury to the left eye was made by the Commission on 24 April, 1931. The application for a review of this award was made by the plaintiff on 29 April, 1931. The award was finally made by the Commission on 15 September, 1932, but as the application for review of this award was made within twelve months from its date, the Industrial Commission had the power, under section 46, chapter 120, Public Laws of 1929, to review its award of compensation for the injury to the left eye, and upon the facts found by it, to increase such compensation. There was no error in the judgment of the Superior Court affirming the award of the Industrial Commission.

Section 62 of chapter 120, Public Laws of 1929, was amended by section 11 of chapter 274, Public Laws of 1931, which became effective on 13 April, 1931. As amended, this section is as follows:

"SEC. 62. If the Industrial Commission at a hearing on review, or any court before which any proceedings are brought on appeal under this act, shall find that such hearing or proceedings were brought by the insurer, and the commission or court by its decision orders the insurer to make, or to continue, payments of compensation to the injured employee, the commission or court may further order that the cost to the injured employee of such hearing or proceedings, including therein reasonable attorneys' fee to be determined by the commission, shall be paid by the insurer as a part of the bill of costs."

The order included in the judgment of the Superior Court with respect to the costs of the hearing in said court of defendant's appeal, is expressly authorized by the provisions of this section. This section was in full force and effect at the date of the hearing, and for that reason was applicable to said hearing. There was no error in such order.

The judgment is

Affirmed.