The following stipulation by counsel is in the record:
"In the above entitled cause, pending on appeal to the Superior Court from assessment levied by the Commissioner of Banks against R. L. Anderson, and said Anderson having filed with the Commissioner of Banks a tendered proof of preferred claim in the sum of $500.00, which claim has been rejected by the Commissioner of Banks:
Now, therefore, it is, by consent, stipulated and agreed between counsel for R. L. Anderson and counsel for the Commissioner of Banks that complaint and appeal in this cause shall be treated as an action properly instituted against the Commissioner of Banks, on relation of the Bank of Murphy, to recover upon said preferred claim, in the Superior Court of Cherokee County, and same shall be treated and considered as a properly instituted action to recover thereon, and that the court shall enter such judgment herein as the facts and the law doth warrant, treating the entire record in this cause as the record of an action originally instituted in said court. *Page 841 
This stipulation is made for the reason that the proof of preferred claim herein as filed in the complaint in the action upon the preferred claim is in the identical words and language of the appeal from stock assessment and that upon any trial of the cause the evidence upon the question of appeal from the stock assessment and the evidence in support of the preferred claim would be identical, and for the further purpose of saving cost."
The order of the Commissioner of Banks, is as follows:
"Order No. 193, North Carolina, office of Commissioner of Banks — Docketed 13 May, 1933. Under and by virtue of the authority contained in subsection 13 of section 218(c), Consolidated Statutes, it appearing to the Commissioner of Banks that an assessment against the stockholders of the Bank of Murphy, Murphy, North Carolina, is necessary in order to discharge the liability to general creditors of the said Bank of Murphy, the Commissioner of Banks of the State of North Carolina hereby levies an assessment against the stockholders of the Bank of Murphy equal to the stock liability of each stockholder, the amount of stock owned by him by record of the said Bank of Murphy and amount of assessment against each of said stockholders being as follows: Name: R. L. Anderson, address — Brasstown, N.C. — No. of shares: 5, assessment: $500.00. By order of the Commissioner of Banks of the State of North Carolina. This 5 April, 1933. Gurney P. Hood, Commissioner of Banks. (Official seal.)"
R. L. Anderson, on appeal from the above assessment, sets forth an original lengthy and amended detailed complaint, why the assessment against him was void and also proof of preferred claim. The prayer is as follows: "Wherefore, appellant prays the court: (1) That the assessment attempted to be made by the Commissioner of Banks be set aside and declared void and of no effect. (2) That the court direct and require the Commissioner of Banks to refund to your appellant as a claim against the assets of the Bank of Murphy entitled to priority, the sum of $500.00 paid by reason of the stock subscription aforesaid. (3) For general relief, together with costs."
The Commissioner of Banks demurred ore tenus and set forth lengthy reasonings: "Demurrer ore tenus as dictated into record upon the hearing of this cause by counsel for Commissioner of Banks."
The record also discloses a lengthy answer to R. L. Anderson's complaint on the part of the Commissioner of Banks. The court below sustained the demurrer, and R. L. Anderson appealed to the Supreme Court.
The appellant, R. L. Anderson, sets forth as follows the question involved: "The only question involved in this appeal is whether the court committed an error in sustaining the demurrer ore tenus of Gurney P. Hood, Commissioner of Banks to the grounds set out by R. L. Anderson, appellant, on his appeal from a stock assessment on stock alleged to be owned by him in the Bank of Murphy." We think the demurrer should have been overruled.
We have read the record thoroughly and think the demurrer should have been overruled. The complaint is not demurrable unless wholly insufficient. A demurrer admits all allegations in complaint. A demurrer admits relevant facts alleged and relevant inferences of fact deducible. A demurrer does not admit conclusions or inferences of law. Stepp v. Stepp, 200 N.C. 237;Andrews v. R. R., 200 N.C. 483; Shaffer v. Bank, 201 N.C. 415. A speaking demurrer is bad. Ellis v. Perley, 200 N.C. 403.
The answer is in the record, but cannot be considered. When filed and the facts are established on the hearing, questions would arise which we do not now consider. This is another question. As the case goes back for a hearing on its merits, we do not analyze the complaint, but think it sufficient on the question of stock assessment. The judgment below is
Reversed.