WILLIAM ROSENFELD, on Behalf of Himself and All Other Stockholders of FAIRCHILD ENGINE AND AIRPLANE CORPORATION Similarly Situated, Plaintiff, *v.* FAIRCHILD ENGINE AND AIRPLANE CORPORATION et al., Defendants.

Supreme Court, Special Term, Nassau County, March 5, 1952.

*Cravath, Swaine & Moore* for Webb Wilson and another, defendants.

*Abraham Marcus* for plaintiff.

HOOLEY, J. Motion for judgment by defendants Wilson and McComas pursuant to rule 113 of the Rules of Civil Practice, dismissing the complaint herein upon the ground that the answers of said defendants each sets forth a defense, viz. — a general release, which is sufficient as a matter of law and which is founded upon facts established prima facie by documentary evidence.

This action is a stockholder's derivative suit for the benefit of the corporate defendant, Fairchild Engine and Airplane Corp. The complaint charges improper expenditure of corporate funds by the directors in connection with a proxy contest which culminated in the election of a new board of directors on July 13, 1949. The moving defendants are the defendants Webb Wilson and O. Parker McComas. The complaint alleges that the directors in office prior to July 13, 1949, and hereinafter referred to as the " old directors ", improperly expended approximately $134,000 of the corporation's money in their unsuccessful attempt to remain in office as directors of the corporation. The moving defendants Wilson and McComas were two of the old directors. The complaint alleges, in addition, that the directors who were

elected to office on July 13, 1949, and hereinafter referred to as the " new directors " caused the corporation to pay to defendant Fairchild and his associates, the sum of $127,556 as and for the reimbursement of their alleged expenses in conducting the proxy contest which resulted in the displacement of the old board of directors and the election of the new directors. The complaint charges that both the expenditure of $133,966 by the old directors for the expenses of the proxy contest and the reimbursement by the new directors of the Fairchild group's alleged expense in the amount of $127,566 were wrongful, reckless, illegal and a waste of corporate funds and the complaint seeks judgment requiring the individual defendants comprising both the old and the new boards of directors to account and pay over to the defendant corporation the sums respectively and illegally disbursed by them.

The defendants Wilson and McComas answered the complaint, their answers being in effect, general denials. Later on, on June 14, 1951, the moving defendants served supplementary answers, setting up as a complete and alternatively as a partial defense, the general release executed by the corporation in favor of J. Carlton Ward, Jr., one of the old officers and directors. This release was executed and acknowledged and delivered on March 12, 1951. The release is a standard printed form of general release. It recites that in consideration of a release executed by Ward in favor of the corporation on July 24, 1950, the corporation discharges Ward from all claims and demands whatsoever from the beginning of the world to March 12, 1951, with an exception which is not here important.

The question presented here is whether the corporation's release of Ward without an express reservation of its rights against the defendants Wilson or McComas, discharges the latter from the liability asserted in this action which purports to be brought on the corporation's behalf. The moving defendants do not question the validity of plaintiff's prima facie case here and accordingly the question of law hereinafter developed is solely concerned with the validity and effect of the release from the corporation to Ward. The release recites no consideration therefor, other than an earlier release from defendant Ward to the corporation although the minutes of the board of directors meeting included in the reply affidavit would indicate that there was consideration therefor.

The moving defendants maintain that the claim asserted against Wilson and McComas, the moving defendants, is the corporation's cause of action and, of course, subject to any

defenses which would be available if the corporation were sued in its own name. They contend that " ' the essential character of a cause of action belonging to a corporation remains the same, whether the suit to enforce it be brought by the corporation or by a shareholder ' " (*Potter* v. *Walker,* 276 N. Y. 15, 27). They argue that if the giving of the release was unjustified from the corporation's standpoint, the plaintiff's quarrel is with the new directors and not the moving defendants. The moving defendants contend that they are sued for a tort to the corporation in that as members of its old board of directors, they allegedly participated jointly with their codefendants in spending corporate funds in the course of soliciting stockholders' proxies in connection with the 1949 annual meeting and that the expenditures were wasteful. That Ward and the two moving defendants are joint tort-feasors is claimed by the moving defendants to be established by the decisions in the case of *German American Coffee Co.* v. *O'Neil* (102 Misc. 165) and *Bee* v. *Cooper* (217 Cal. 96) a California case, and it is the contention of the moving parties that inasmuch as Ward, Wilson and McComas were joint tort-feasors, then the corporation's release of Ward discharged Wilson and McComas from any liability to the corporation by reason of their acts or omissions as directors.

Of course, it is well settled that a general release to one joint tort-feasor without an express reservation of rights against other joint tort-feasors, discharges the latter from liability to the releasor (*Rapp* v. *Myers,* 291 N. Y. 709; *Milks* v. *McIver,* 264 N. Y. 267). The moving defendants assert that having discharged one of the wrongdoers by an instrument which fails to express an intention to reserve rights against others who joined in causing the injuries, the injured party is deemed to have discharged those others.

It is the plaintiff's position that a release given to a prior director by a corporation whose present board of directors is also charged with liability on a related transaction does not enure to the benefit of the other directors as joint tort-feasors when given pending an action to determine the liability of all of the directors. The plaintiff cites the case of *Besseliew* v. *Brown* (177 N. C. 65). That case involved an action by a receiver of a corporation against officers and directors thereof for negligence in their management of corporate affairs. The corporation settled with a co-officer and wrongdoer and the defendants urged that the settlement with such wrongdoer precluded recovery against them. The court dismissed this contention, holding while this defense could be set up by the released wrongdoer, it

was not available to the other officer and director defendants except in reduction and diminution of damages. And in *Braswell* v. *Morrow* (195 N. C. 127, 132) the court in reviewing the problem presented in *Besseliew* v. *Brown* (*supra*) said: " Certainly, joint *tort-feasors* [directors] cannot relieve themselves from liability by making a settlement with or releasing one of their own number."

Here we have an action pending against the entire board of directors for a misapplication of funds of the corporation in a substantially large amount. To hold that a board of directors could obtain immunity for themselves by releasing another director against whom the same charge of misapplication of funds is made would make a travesty of the law and of the responsibility of corporate directors. Such a conclusion would stultify the right of any stockholder to maintain a proceeding on behalf of his corporation and would further stultify the right and power of the court in passing upon the adequacy and fairness of the settlement of any such claim. If this is true, unscrupulous directors may circumvent the rules and checks which have been set up as a watch upon their activities.

The old and the new director defendants are charged in substance with the same type of wrongs, that of unlawful and wrongful expenditures of corporate funds in connection with a proxy contest. All of the defendants comprising both the old and new board, specifically deny liability. Since the members of the new board unequivocally deny any liability which is charged to them they are not proper persons to settle any action against those charged with the same breach of trust. The complaint in this action specifically alleges that a demand on a corporation to take action in the premises would be futile in view of the charges made and the liability of the present board to the corporation for the wrongs committed. It would be against the personal interests of the members of the board of directors to diligently prosecute such an action and reach a determination holding the old directors liable. In such a case, they are disqualified from acting in the premises in attempting to release their codefendant in liability.

The motion to dismiss the complaint and for summary judgment for defendants under rule 113 of the Rules of Civil Practice is denied.