10895

BENNETT CADILLAC CO. v. SLATER.

(112 S. E. 918)

CLAIM AND DELIVERY—REPLEVIN—COUNTERCLAIM FOR DAMAGES IN TAK-ING AUTOMOBILE HELD TO HAVE ARISEN OUT OF SAME TRANSACTION AS ACTION IN CLAIM AND DELIVERY TO GET POSSESSION OF IT.—Under Act Feb. 12, 1920 (31 Stat. at Large, p. 748), § 1, providing that in all actions sounding in tort a defendant shall have a right to plead in similar cause of action against the plaintiff by way of counter-claim if the cause of action of the plaintiff and defendant arise out of same state of facts, in an action of claim and delivery by the owner of an automobile against one who took the automobile from its possession, sustaining a demurrer to a counter-claim that plain-tiffs went to defendant's home and in a high-handed and willful manner took the automobile, and in so doing were disorderly and boisterous in their conduct was error, since the counter-claim arose out of the same state of facts, namely, the right to the posses-sion of the automobile.

Before DEVORE, J., Orangeburg, 1921. Reversed.

Action by Bennett Cadillac Co. against E. C. Slater. From order sustaining a demurrer to defendant's counter-claim defendant appeals.

*Messrs. Brantley & Zeigler* and *Wolfe & Berry,* for appellant, cite: *Counterclaims:* Code Proc. 1912, Sec. 200.

*In claim and delivery cases*: 15 S. C., 458; 30 S. C., 167; 40 S. C., 529; 45 S. C., 111; 69 S. C., 198; *Changed by Act 1909*: Code Proc. 1912, Sec. 321; 93 S. C., 99. *Old rule was that tort could not be set up as counterclaim to a tort*: 20 S. C., 259; 71 S. C., 404. *Changed by Act of 1920*: 31 Stat. 748. *Claim and delivery is action in tort*: 34 Cyc. 1354; 105 S. C., 140. *"Same Transaction" in counterclaim statutes*: 34 Cyc., 687, 688; 24 R. C. L., 845; 45 S. C., 63; 69 S. C., 198; Pom., Rem. & Rem. Rts. (2nd Ed.), Sec. 775; Ann. Cas. 1917 E. 560; L. R. A., 1916 C., 445; Ann. Cas. 1915, A. 835; 11 L. R. A., 257; 25 A. & E. Enc. L., 570.

*Messrs. Adam H. Moss* and *T. M. Raysor,* for respondent, cite: *Test of "Same Transaction"*: 24 R. C. L., 845; 112 A. S. R., 679; 3 Ann. Cas. 482; 20 S. C., 268; 85 A. L. R., 150.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE GARY.

This is an action in claim and delivery, to recover possession of an automobile. The complaint, in substance, alleges that, at the time mentioned in the complaint, the plaintiffs were and still are the owners of a certain automobile, of the value of $4,000; that the defendant willfully and in a high-handed manner took said automobile from the possession of the plaintiffs, and still retains the same, to the damage of the plaintiffs in the sum of $5,000.

The defendant denied the allegations of the complaint, and alleged the following by way of counterclaim:

"That the plaintiffs went to the home of the defendant, and in a high-handed and willful manner took the said automobile; that in so doing the plaintiffs were disorderly and boisterous in their conduct, insulting to defendant's wife to the defendant's damage in the sum of $10,000.

The plaintiffs demurred to the counterclaim, on the ground that it did not state facts sufficient to constitute a counterclaim, for the following reasons:

"(1) That it sets up or alleges a tort committed by the plaintiffs, their agents or servants.

"(2) Because a tort cannot be set up as a counterclaim to an action for claim and delivery.

"(3) Because the plaintiffs' complaint alleges an action based upon a contract, and there can be no counterclaim in tort, because a counterclaim growing out of a tort, and not connected with the same transaction, cannot be interposed in an action for the recovery of specific personal property.

"(4) Because it appears upon the face of defendant's counterclaim that the property sought to be recovered by the plaintiffs was not pledged in any way to secure credit or debt."

In disposing of the demurrer, his Honor thus rules:

"It is a very interesting question, and a novel one to me. I have no hesitation in saying if it were not for that last statute of 1920 I would overrule the demurrer, but under that statute I think I'll have to sustain the demurrer. (The Court here read the statute.) I do not think the defense demurred to arose out of the same state of facts. I also hold that this is an action *ex delicto,* and that is about all I care to say about the matter. It is a question I should like to see carried to the Supreme Court."

Act, Feb. 12, 1920 (31 St. at Large, p. 748), contains this provision:

"That in all actions sounding in tort, the defendant shall have the right to plead a similar cause of action against the plaintiff by way of counterclaim: Provided, that the cause of action of the plaintiff and defendant arise out of the same state of facts."

The main issue in the case arises out of the right to the possession of the automobile. Both the plaintiffs and the

defendant seized the car. There was, therefore, a compliance with the proviso:

"That the cause of action of the plaintiff and defendant arise out of the same state of facts."

The order sustaining the demurrer is reversed.