12993

WEAVER PIANO CO., INC., v. CURTIS

(155 S. E., 291)

118

April, 1930.

120

122

124

142

146

*Messrs. L. E. Purdy* and *M. M. Weinberg,* for appellants,

148

*Messrs. Epps & Levy,* for respondent, 

October 8, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The order of his Honor, Judge Grimball, is entirely satisfactory to the Court, and for the reasons stated by him the same is affirmed.

MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER dissents.

MR. CHIEF JUSTICE WATTS did not participate.

MR. JUSTICE CARTER (dissenting) : The plaintiff, Weaver Piano Company, Inc., commenced this action against the defendant, C. H. Curtis, in the Court of Common Pleas for Sumter County, October 11, 1929, for the recovery of certain personal property, consisting of seven pianos, alleged by the plaintiff to be its property. The defendant filed an answer, setting up several defenses and counterclaims, to which the plaintiff demurred. The demurrer was heard by his Honor, Judge William H. Grimball, April 5, 1930, who issued an order dated April 12, 1930, sustaining the same. From the order sustaining the demurrer to defendant's answer the defendant has appealed to this Court.

The pleadings in the case are unusually lengthy, due to the long and complicated contract which the parties executed, out of which the action arose, and the appellant presents a number of exceptions under which many questions are raised; but since under my view of the case that there should be a reversal, and desiring to avoid any prejudgment of the merits of the case, I shall consider only such questions as I deem necessary without expressing any opinion as to the other questions presented and without adjudicating the matters in connection therewith.

In accord with the allegations of the complaint, it is the contention of the plaintiff that, under the contract between the parties, the property in question was placed with the defendant as the sales agent of the plaintiff, and that the defendant has not now and has never had any interest in the same. It is the further contention of the plaintiff that the defenses and counterclaims attempted to be set up in the answer of the defendant do not constitute a defense or counterclaim to the plaintiff's alleged cause of action. On the other hand, the defendant contends, in accord with the allegations contained in his answer, that under the contract in question, especially when construed in connection with the dealings between the parties, the property in question was sold to the defendant and the plaintiff had a lien against the property for the price of the same until paid; that under the contract and by reason of the dealings between the parties, a debtor and creditor relation arose between the parties and the contract operated as a contract of sale. The defendant also contends, in accordance with the allegations contained in his answer, that the parties entered into a new agreement which took the place of the original contract concerning the said property.

The written contract, which is attached to the complaint and to which reference herein was first made, is not clear in its meaning as to whether it was the intention of the parties that the property in question be delivered to the defendant

as the sales agent of the plaintiff, or whether it was intended to create the relation of debtor and creditor, and, as a result, when the price of the property was paid the defendant became the owner of the property free of all claims of the plaintiff. The defendant alleged that the plaintiff unlawfully and fraudulently violated the contract, and further alleged and contends that the plaintiff made wrongful charges against him in connection with said property, and in effect alleged that he did not owe the plaintiff any amount on the property at the time it was seized by the plaintiff in this action. It is not for this Court to say whether these allegations are true or not, but taking all of the allegations, those made by the plaintiff as well as those made by the defendant, and considering them as a whole in connection with the written contract between the parties, in my opinion questions were raised upon which his Honor, the trial Judge, should have received testimony. According to my view, the written contract is not clear, but is ambiguous on the material matters to which I have hereinbefore referred, and I think that the demurrer should have been overruled, the case ordered to trial, and testimony received pertinent to the facts alleged. By such a course, the intention of the parties to the contract could have been ascertained and the trial Judge would have been in a position to determine whether or not any question was raised for the jury under the law governing such matters. In this connection I desire to state that, under my view, if the defendant paid to the plaintiff the amount of the price of the property for the same, and at the time of the seizure of the property by the plaintiff owed the plaintiff nothing, as contended by the defendant, then the seizure of the property by the plaintiff was wrongful, regardless of whether the property was placed with the defendant as the sales agent of the plaintiff or whether the relation of debtor and creditor was created under the contract and dealings between the parties; and under such circumstances the defendant would be entitled to recover against the plaintiff

such damages as he might be able to prove that he suffered on account of the alleged wrongful seizure, measured, of course, by the law governing such cases.

On the question of breach of the contract and as to counterclaims and damages, attention is called to the following cases: *Green v. Washington,* 105 S. C., 137, 89 S. E., 649; *Bennett Cadillac Co. v. Slater,* 120 S. C., 202, 112 S. E., 918; *International Vegetable Oil Co. v. Townsend et al.,* 156 S. C., 103, 152 S. E., 876.

In view of the length of the pleadings, which, together with the order and exceptions, cover about thirty-nine printed pages, the same will not be ordered reported, since, in my opinion, reporting the same with the case would serve no useful purpose.

It is my opinion that the judgment of this Court should be that the appeal be sustained and the case remanded for trial, without prejudice to the plaintiff to raise in the Court below any question not herein passed upon, and with leave to the plaintiff to move before the Court below to require the several defenses or counterclaims set up or attempted to be set up in defendant's answer made more definite and certain, and with leave to the defendant to amend his answer as he may be advised, consistent with the rules of pleading.