13463

COLUMBIA NATIONAL BANK *ET AL.* v. REYNOLDS

(164 S. E., 911)

*Mr. P. B. Thames,* for appellant,

*Messrs. Samuel Want* and *Melvin Hyman,* for respondents,

August 2, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The complaint in this case contained two causes of action. The first was on an open account and note, representing the same indebtedness, upon which a money judgment only was demanded.

The second cause of action was in claim and delivery for the possession of certain personal property, and for damages for the detention of the property. The claim of the plaintiffs in that cause of action was based on a note and chattel mortgage, executed by the defendant.

In his answer, the defendant set up a counterclaim, alleging that the note and mortgage, on which the suit against him was based, were invalid, and he asked damages, both actual and punitive, against the plaintiffs because of the institution of the action and the wrongful taking and withholding of his personal property by the sheriff, acting at the instance of the plaintiffs.

A demurrer, interposed by the plaintiffs to the counterclaim, was sustained by the Circuit Judge, Honorable E. C. Dennis, on the ground that "the subject matter of this counterclaim is not within the purview of Section 542 (Code Civ. Proc. 1922 [Section 602, Code 1932]), of the Code of Procedure, which governs in the permises."

In the appeal of the defendant from the order on Circuit, only one question is presented—whether the subject-matter of the counterclaim is within the purview of the statutes, allowing the defendant, in an action brought for the possession of personal property, to set up the counterclaim interposed.

The statutory provisions, relating to the question involved here, have been quite recently under the consideration of this Court. In the case of *Weaver Piano Co. v. Curtis,* 158 S. C., 117, 155 S. E., 291, 300, the order of his Honor, Circuit Judge Grimball, was adopted by us. There, we approved the following declarations of Judge Grimball: "As pertinent to this case, the counterclaim which may be set up by the defendant in a claim and delivery proceeding of this nature is governed by the following sections of the Code of Civil Procedure 1922: Section 428, which provides that in all actions sounding in tort, the defendant shall have the right to plead a similar cause of action by way of counterclaim, provided that the cause of action of the plaintiff and defendant arose out of the same state of facts. Also Section 542 of the Code of Civil Procedure 1922, *which provides for a counterclaim by the defendant for damages by reason of the detention or taking or withholding of the property;* and also where the action is for recovery of personal property pledged to secure credit or debt, the defendant may plead a counterclaim arising out of the same transaction. And, lastly, Section 600 of the Code of Civil Procedure 1922, *which provides that the defendant may counterclaim for the taking and withholding of the property.* This section further provides that after bond is given no

punitive damages shall be awarded for anything thereafter occurring."

It is plainly evident from the provisions of Sections 602 and 661 of the 1932 Code (Sections 542 and 600, Code Civ. Proc. 1922), referred to in the italicized language from the opinion of Judge Grimball, that it was the intention of the Legislature to make such provisions so as to permit the settlement in one suit of all claims, demands, and controversies between the parties that are connected with the right of possession of the personal property involved in the action.

The right of recovery under a counterclaim, allowed to be put in in such actions, is not limited, as in other actions, to rights existing in the defendant's favor at the time of the commencement of the action (see *Union Bank v. Heyward*, 15 S. C., 296; *Enter v. Quesse*, 30 S. C., 126, 8 S. E., 796, 14 Am. St. Rep., 891), but on the contrary, by the express terms of the mentioned statutes, is intended to cover any and all claims for damages, actual and punitive, if any such are claimed in the answer, which the defendant may have sustained by reason of the taking and withholding of the property under the proceedings in the action.

The demurrer in this case does not appear to claim that the facts stated in the counterclaim were not sufficient to state a cause of action. On the contrary, in the plaintiffs' argument, it is said the order sustaining the demurrer "does not deprive the appellant of any rights that he may have to prosecute his alleged cause of action against the respondents in a separate suit instituted for that purpose, and to recover damages therefor if the testimony adduced at the trial of such a case warrants a judgment in his favor." Without doubt, it was just for such a case as this that the General Assembly saw fit to enact the statutory provisions to which we have referred—that the necessity of another and separate suit, with trouble to the parties, and additional expense to the State, might be saved. Of course, so far as

punitive damages are concerned, the defendant in the trial will be confined to such damages as are provable under the terms of Section 661, Code 1932, which declare that no damage shall be allowed for anything occurring after the giving of the bond provided for by law.

It is our judgment that the order appealed from should be reversed, and it is ordered.

MESSRS. STABLER, CARTER and BONHAM and W. C. COTHRAN, ACTING ASSOCIATE JUSTICE, concur.