## 15108

### FLORENCE-MAYO NUWAY CO. v. EADDY

(9 S. E. (2d), 727)

*Messrs. Lee & Shuler,* for appellant,

*Messrs. Emerson L. Ard* and *J. D. O'Bryan,* for respondent,

June 21, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This is an action in claim and delivery, brought to secure possession of tobacco oil curers, described in the complaint, and alleged therein to be of the value of twenty-five hundred dollars. Plaintiff alleges that he is the owner of said property and entitled to the immediate possession thereof by virtue of having manufactured the same, and by virtue of that fact the title is in it. It is further alleged that the defendant is in the unlawful possession of the said personal property and wrongfully detains and withholds the same, after demand made therefor, to plaintiff's damage in the sum of one thousand dollars. Judgment is asked for the possession of the property and for one thousand dollars. Plaintiff made the necessary affidavit, gave the necessary undertaking and took possession of the said personal property. The defendant did not replevy it, hence the property is still in the possession of the plaintiff.

The defendant answered, alleging that he entered into a contract with plaintiff by which it was agreed that defendant should have the exclusive right to sell the tobacco curers manufactured by plaintiff in certain territory in Williamsburg County; the defendant to purchase from plaintiff for resale such curers as his trade, from time to time, demanded. In pursuance of this contract, he purchased from plaintiff twenty-six (26) of such curers, which were shipped

to him and were in his warehouse at Hemingway and which are the ones mentioned and described in the complaint, and which were seized by the sheriff and are now in the possession of the plaintiff. That in pursuance of the terms of the aforesaid contract, defendant rented a warehouse in which to store and handle said curers pending a resale thereof; that he advertised said curers for sale and spent much time demonstrating them to tobacco growers and had the prospect of selling them to his profit, but the plaintiff's willful, wanton and high-handed conduct in thus seizing the curers in disregard of defendant's rights caused him to suffer great loss and damage in the way of rent for the warehouse, freight on the curers, expense of demonstrating, interesting and selling such curers to tobacco growers, and the profit on the curers, which defendant would have sold during the spring of 1939. That by seizing and taking these curers from defendant in this manner; plaintiff humiliated, embarrassed and damaged defendant in a business way and in his standing in his community as an honorable and upright man and citizen. That by reason of plaintiff's actions, as aforesaid, defendant has suffered damages, actual and punitive, in the sum of ten thousand dollars. He asks judgment against the plaintiff for the possession of the personal property described in the complaint, and, if possession cannot be had thereof, then for the value thereof, to wit: twenty-five hundred dollars; for ten thousand dollars actual and punitive damages; for such other and further relief as may seem just and proper.

To the counterclaim plaintiff filed a demurrer on the following grounds:

"I. That it does not appear that the alleged damages incident to the institution of the action forming the basis of the counterclaim constitutes a cause of action existing at the time of the commencement of plaintiff's action within the meaning of the Statutes made and provided in such cases.

"II. That the cause of action therein intended to be alleged did not exist at the time of the commencement of the action, and, therefore, is not properly pleadable in counterclaim.

"III. That it appears upon the pleadings that the cause of action forming the basis for the alleged counterclaim did not exist at the time of the commencement of plaintiff's claim and delivery action.

"IV. That it does not appear that said alleged counterclaim arose out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action."

The demurrer was heard by Judge Stoll, who filed a short order overruling it. He does not state therein any of the grounds upon which he holds that the counterclaim "does state facts sufficient to constitute a cause of action."

Plaintiff appeals from this order upon five exceptions, as follows: Exceptions I, II, and III, that damages incident to the institution of the action did not constitute a cause of action existing at the time of the commencement of the action. Exception IV. His Honor erred in not holding that it does not appear that the alleged counterclaim arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action. Exception V. That his Honor erred in not holding that the counterclaim based upon alleged injury to defendant's business is not properly pleadable in an action of this nature.

The plaintiff alleges in his complaint that the title to the personal property described in the complaint is in it because it manufactured the curers, but does not give any facts to show how the property left its possession and went into the possession of defendant; it simply states that defendant is in wrongful and unlawful possession thereof.

Defendant alleges in his answer that he purchased the currers from plaintiff and they were shipped to him, but he

does not state whether the sale was a cash or credit sale. However, these are not matters of vital importance in the determination of the issues raised by the demurrer to the counterclaim. We think these issues are practically decided by former decisions of this Court.

The questions arising under claim and delivery proceedings and counterclaim thereto are elaborately and clearly considered by Judge Grimball in the case of *Weaver Piano Co. v. Curtis*, 158 S. C., 117, 155 S. E., 291, 298. His decree in that case was affirmed and adopted by this Court. The action was for the recovery of the possession of certain pianos which had been put into the possession of the defendant by the plaintiff under a written contract, by the terms of which the defendant was to handle said instruments as selling and leasing agent of the plaintiff; title to the property and the contracts, leases, agreements and monies taken in the name of the defendant to remain vested in the company. The defendant answered the complaint and set up a counterclaim. To the counterclaim the plaintiff demurred. The demurrer was heard by Judge Grimball. Thereabout he said: "Inasmuch as the defenses and causes of action in counterclaim are numerous, and inasmuch as the demurrer is taken to each defense and counterclaim, I shall pass upon them separately herein."

There were eleven grounds of counterclaim the demurrers to which were sustained. We may not reproduce his decree in full; the gist of it and a thoughtful analysis of it is reproduced here from the case of *Columbia Nat. Bank v. Reynolds*, 166 S. C., 426, 164 S. E., 911, 919, the opinion in which was written by Mr. Chief Justice Blease:

"The statutory provisions, relating to the question involved here, have been quite recently under the consideration of this court. In the case of *Weaver Piano Co. v. Curtis*, 158 S. C., 117, 155 S. E., 291, 300, the order of his honor, Circuit Judge Grimball, was adopted by us. There, we approve the following declarations of Judge Grimball:

" 'As pertinent to this case, the counterclaim which may be set up by the defendant in a claim and delivery proceeding of this nature is governed by the following sections of the Code of Civil Procedure, 1922: Section 428, which provides that in all actions sounding in tort, the defendant shall have the right to plead a similar cause of action by way of counterclaim, provided that the cause of action of the plaintiff and defendant arose out of the same state of facts. Also Section 542 of the Code of Civil Procedure, 1922, *which provides for a counterclaim by the defendant for damages by reason of the detention or taking or withholding of the property*; and also where the action is for recovery of personal property pledged to secure credit or debt, the defendant may plead a counterclaim arising out of the same transaction. And, lastly, Section 600 of the Code of Civil Procedure, 1922, *which provides that the defendant may counterclaim for the taking and withholding of the property*. This section further provides that after bond is given no punitive damages shall be awarded for anything thereafter occurring.'

"It is plainly evident from the provisions of Sections 602 and 661 of the 1932 Code (Section 542 and 600, Code Civ. Proc., 1922), referred to in the italicized language from the opinion of Judge Grimball, that it was the intention of the Legislature to make such provisions so as to permit the settlement in one suit of all claims, demands, and controversies between the parties that are connected with the right of possession of the personal property involved in the action.

"The right of recovery under a counterclaim, allowed to be put in in such actions, is not limited, as in other actions, to rights existing in the defendant's favor at the time of the commencement of the action (see *Union Bank v. Heyward*, 15 S. C., 296; *Enter v. Quesse*, 30 S. C., 126, 8 S. E., 796, 14 Am. State Rep., 891), but on the contrary, by the express terms of the mentioned statutes, is intended to cover any and all claims for damages, actual and punitive,

if any such are claimed in the answer, which the defendant may have sustained by reason of the taking and withholding of the property under the proceedings in the action. * * *

"Without doubt, it was just for such a case as this that the General Assembly saw fit to enact the statutory provisions to which we have referred—that the necessity of another and separate suit, with trouble to the parties, and additional expense to the State, might be saved. Of course, so far as punitive damages are concerned, the defendant in the trial will be confined to such damages as are provable under the terms of Section 661, Code 1932, which declare that no damage shall be allowed for anything occurring after the giving of the bond provided for by law."

Governed by the principle thus announced by Judge Grimball and Mr. Chief Justice Blease, we conclude that the allegations in the answer, that the defendant purchased the personal property involved in this action from plaintiff for the purpose of reselling it to persons engaged in the cultivation and curing of tobacco; that in preparation for that business he rented a barn; that he advertised the curers and that in order to show the curers to prospective purchasers he equipped the barn with a set thereof; that all of these transactions were done at considerable expense; that the action of plaintiff in seizing and taking away these curers has caused him considerable loss, do state a cause of action in counterclaim, under the provisions of Section 468 of the Code, to wit: "(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

On the above-stated grounds alone we affirm the order of Judge Stoll, which overruled the demurrer to the counterclaim.

The defendant is not entitled to counterclaim for future profits, nor for injury to reputation, nor can he counterclaim or recover for punitive damages, inasmuch as the plaintiff

gave the required undertaking when it seized the property in claim and delivery.

MESSR. JUSTICES CARTER, BAKER, FISHBURNE and STUKES concur.