THE MERRITT MILLING COMPANY v. ROBERT T. FINLAY et al.

*Slander—Counter-claim—Pleading—Judgment—Appeal.*

1. Damages for slander cannot be set up as a counter-claim to an action for debt.
2. Where, upon such plea, on the intimation of the Court an appeal was taken: *Held,* the appeal was premature.
3. An appeal lies only from a judgment.

This was a CIVIL ACTION tried at the December Term, 1891, of BUNCOMBE Superior Court by *Merrimon, J.*

The plaintiff sued for the amount of a debt. The defendants pleaded as defence a counter-claim for damages for slander of the business. The facts sufficiently appear in the opinion.

No counsel for plaintiff.
*Mr. Julius C. Martin,* for defendant.

CLARK, J.: It is not necessary that we consider whether there was any evidence sufficient to go to the jury to support defendants' counter-claim, for we concur with his Honor that the slander charged as the basis thereof was not a counter-claim that could be pleaded to this action.

The plaintiff complains that the defendants being indebted to it, accepted a draft drawn on them by the plaintiff and have failed to pay it. The defendants allege that the plaintiff slandered them as to their pecuniary standing, and injured their credit and business, and seek damages therefor by way of counter-claim. This did not arise out of contract, and therefore could not be pleaded under sub-section 2 of section 244 of *The Code*; nor could it be pleaded under the first sub-section thereof, because it did not "arise out of the contract or transaction which was the ground of the plaintiff's claim," nor was it "connected with the subject of the action"— the contract made by the acceptance of plaintiff's draft. *Byerly* v. *Humphrey*, 95 N. C., 151.

The record states that, upon the intimation of the Court, " the defendants submitted to a non-suit upon their counter-claim, excepted and appealed." The appeal was premature, and would not lie till after a final judgment upon the plaintiff's cause of action. *Walker* v. *Scott*, 106 N. C., 56; *Cameron* v. *Bennett, ante,* 277.

It also did not lie because an appeal only lies from a judgment, and no judgment of any kind appears in the record. *Taylor* v. *Bostic,* 93 N. C , 415; *Cameron* v. *Bennett, supra ; State* v. *Hazell,* 95 N. C., 623. This was probably an inadvertence, as the defendants admitted the acceptance was due when sued on and had not been paid, and relied solely upon the counter-claim ·by way of defence. We have, therefore,

passed upon the point intended to be presented, as has been sometimes, though rarely, done by the Court upon sufficient cause to justify it. *McBryde* v. *Patterson*, 78 N. C., 412; *State* v. *Lockyear*, 95 N. C., 638; *State* v. *Divine*, 98 N. C., 778; *Guilford County* v. *Georgia Company*, 109 N. C., 310.

Appeal dismissed.