PRICE v. KOBACKER FURN. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1606. Decided Nov. 30, 1925

923. PLEADING—A counterclaim for damages resulting from blacklisting a debtor by a creditor is too remote from the subject matter of the action as to constitute a counterclaim.

WILLIAMS, J.

The Kobacker Furniture Co. brought an action against Charles Price in the Toledo Municipal Court to recover on an account for goods sold and delivered. The Company did not receive full judgment on their account and

further prosecuted their action to the Lucas Common Pleas; and in addition to the action on goods sold and delivered, set up a chattel mortgage and averred a breach thereof and asked for a money judgment on foreclosure.

Price set up a counterclaim whereby he averred that because of the Furniture Company blacklisting him with other merchants of Toledo, he was unable to receive credit, and thereby was injured as to his good name and character; and that he had been put to great expense in retaining attorneys and in the expense incurred by this action to the sum of $750.

The lower court sustained a demurrer to Price's counter-claim and error was prosecuted to the Court of Appeals which held:

1. A counterclaim is a cause of action existing in favor of a defendant against a plaintiff, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action. 11317 GC.

2. It is of no consequence that the counterclaim arises in tort, for a counterclaim may either arise in tort or in contract.

3. The Code fixes the limits within which a counterclaim may be set up, and it is well not to define the meaning of the language employed in the statute, for it has purposely been made comprehensive in its terms and general in its expression.

4. It should be given a liberal construction so as to avoid a multiplicity of suits but there should be no invention of a rule, to fit all cases, that might arise thereunder. 10 Ohio App. 303.

5. There are two classes of counterclaims provided for, (a) those arising out of the contract set forth in the petition as the foundation of plaintiff's claim and (b) those connected with the subject of the action.

6. Clearly by the farthest stretch of the imagination Prices' claim could not arise under the first head (a).

7. If a debtor refuses to pay a claim the creditor may become aggravated and blacklist him. If such a tort follows it cannot be said that it is in any way connected with the subject of the action, (b).

8. Price, therefore, cannot maintain such a counterclaim.

Judgment affirmed.

Attorneys—Brumback & Brumback for Price; Tyler, McMahon & Smith for Furniture Co.; all of Toledo.