12903

INTERNATIONAL VEGETABLE OIL CO. v. TOWNSEND *ET AL.*

(152 S. E., 876)

*Messrs. John W. Crews* and *Fred D. Townsend,* for appellants,

*Messrs. Herbert & Herbert,* for respondent,

April 22, 1930.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action to foreclose a mortgage upon real estate executed by the defendant Townsend to secure a bond for $5,600, dated September 7, 1927, given by him to the plaintiff, payable in two equal annual installments on December 1, 1927, and December 1, 1928, with interest from date at 8 per cent. payable annually and 10 per cent. attorney's fees in case of suit.

In addition to the real estate, the mortgage as alleged in the complaint covered certain ginning outfit located thereon.

The defendant Lummus Gin Company was made a party defendant as claiming a mortgage upon the machinery, etc.

The defendant Townsend filed an answer first denying generally the allegations of the complaint except as "hereinafter specifically admitted, denied or explained," a form of

.denial which is not to be commended, particularly in view of the counterclaim which was set up.

The counterclaim was substantially as follows:

That in August, 1927, the plaintiff, a cotton seed crusher, in order to increase its facilities for obtaining cotton seed, entered into an arrangement with the defendant Townsend, by which it agreed to lend him $5,600, secured by bond and mortgage, for the purpose of installing a commercial ginnery, and agreed, as an inducement to the establishment of the enterprise and thereby obtaining for itself cotton seed with which to operate its business, to supply the necessary funds with which Townsend should buy the seed of his customers for account of the plaintiff; that the financing during the season of 1927-28 was conducted by the means of seed tickets delivered by Townsend to the customers selling their seed, who were directed to have them cashed at the bank, the bank at the close of each day making draft upon the plaintiff for the amount of the seed tickets cashed; that this method prevailed during the 1927-28 season, the plaintiff receiving the seed and promptly meeting the drafts of the bank; that the plaintiff and Townsend by agreement renewed the agreement which covered the operations during the 1927-28 season, for the ensuing 1928-29 season, but that the plaintiff without just cause or excuse refused to continue the method which had prevailed during the 1927-28 season, for the following season, and refused to honor the drafts of the bank for the seed tickets cashed by it; greatly to the inconvenience, damage, and loss of the defendant, in injuring his credit, etc. The defendant in his counterclaim did not specifiy the extent of the damage sustained by him, in dollars, but in the prayer asked judgment for $6,000 damages.

The plaintiff interposed a demurrer to the counterclaim upon the following grounds:

"(a) Said counterclaim undertakes to set up a tort or an action for damages in the present action which is purely and solely upon a contract, to wit, an action to foreclose a mort-

gage, whereas, under the law and the statute a tort cannot be pleaded in defense to an action on contract.

"(b) The said alleged tort did not arise out of the same transaction as the bond and mortgage sued on and is not connected with the subject of the action.

"(c) It undertakes to set up an entirely distinct, separate and different contract than that set up in the complaint and entirely independent and not connected with the bond and mortgage set up in the complaint and complains of a breach or violation of said independent contract.

"(d) The said pleading does not allege that any amount of damage has been caused the said defendant; does not set out or name any amount of dollars and cents as the damages from the alleged wrongful acts of the plaintiff, and is therefore fatally defective."

The plaintiff then gave notice of a hearing of the demurrer before his Honor, Judge Dennis, at chambers, and of a motion for a general order of reference to a Special Referee.

The matters were heard by his Honor, Judge Dennis, who signed the following order, dated September 6, 1929:

"The above-entitled action having come on for a hearing before me on the demurrer and motion for an order of reference to plaintiff's attorneys, after due notice to the defendant, F. D. Townsend, on the 5th day of September, 1929, at my chambers at Darlington, S. C., and after argument it appearing to the Court that the demurrer should be sustained and the counterclaim dismissed and that the action should then be referred to a Referee; now, on motion of plaintiff's attorneys,

"It is hereby ordered that the demurrer of the plaintiff to the counterclaim or second defense set up in the amended answer of the defendant, F. D. Townsend, be and it is hereby sustained and said counterclaim is hereby dismissed and stricken out.

"It is further ordered that this action be and it is hereby referred to T. I. Rogers as Special Referee to take testimony and to hear and determine all issues of law and fact arising in the action and to report to this Court with all convenient speed, with leave to report any special matter arising herein."

From this order the defendant Townsend has appealed.

It will be observed that his Honor states no specific grounds upon which the demurrer to the counterclaim was sustained, and it must be assumed that he sustained all of the grounds upon which the plaintiff based it.

Succinctly stated, the objections of the plaintiff to the counterclaim are:

1. That the counterclaim is based upon an alleged tort, and that a cause of action in tort cannot be set up against a cause of action on contract.

2. That the counterclaim is based upon an alleged tort which did not arise out of the same transaction as the bond and mortgage sued upon, nor is it connected with the subject of the action.

3. That the counterclaim is based upon an alleged breach of contract separate and distinct from the contract evidenced by the bond and mortgage set up in the complaint.

4. That the counterclaim does not state the extent of the defendant's damage in money.

It is perfectly clear, from the foregoing statement of the substantial allegations of the counterclaim, that it states a cause of action based upon a breach of contract, and under the express provisions of Section 411 of the Code may be interposed to even a separate and distinct cause of action on contract.

The Code provides that a counterclaim must arise out of one of the following causes of action:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

Even considered as a cause of action in tort, it clearly arose out of the transaction between the parties and directly connected with the cause of action sued upon, the execution of the bond and mortgage.

In the very recent case of *Bank v. Rizer,* 153 S. C., 43, 150 S. E., 316, 317, the Court said: "There is nothing in subdivision 1 of the section quoted that intimates a purpose to limit the counterclaim to causes of action based upon contracts; the only restriction is that the cause of action which is made the basis of the counterclaim shall have arisen out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or be connected with the subject of the action; clearly this cause of action may sound either in contract or in tort. If it had been intended that the counterclaim should be limited to causes of action based upon contracts, it would have been easy to insert a condition to that effect, as was done in subdivision 2 of the section; the absence of such a limitation presents a strong inference that none was intended."

Evidently the omission in the counterclaim of an allegation of the extent of the damage in dollars was an inadvertence, in view of the prayer of the complaint, and if the complaint be deemed defective in this respect an opportunity of amendment should have been afforded.

There was error in sustaining the demurrer to the counterclaim; if it had been overruled as I think should have been done, there would have been two causes of action to be disposed of: The plaintiff's cause of action in equity for the foreclosure of the mortgage, and the defendant's cause of action by counterclaim at law, for damages on account of the alleged breach of contract. It would have then been within the discretion of the trial Judge to determine which cause of action should be first tried, the plaintiff being entitled to

a reference upon its cause of action and the defendant to a trial by jury upon his counterclaim.

For these reasons we think that the order of his Honor, Judge Dennis, should be reversed, and the case remanded to the Circuit Court for further proceedings consistent herewith. It is so ordered.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.