ALEXANDER T. ANDREWS, by His Next Friend LILLIE A. ANDREWS v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 18 March, 1931.)

1. **Railroads D c—Allegation that supports of bridge were placed too near track is insufficient to establish breach of duty to trespasser.**

   Allegations of the complaint in an action against a railroad company to recover for a personal injury alleged to have been negligently inflicted, that the defendant permitted children to ride on its freight trains by holding to the side ladders of the cars at a place in the city used by them as a playground, and that the injury resulted from the plaintiff being struck while so riding by a support to a bridge placed too near to the tracks for safety, are held insufficient to establish a breach of duty by the defendant, and its demurrer was properly sustained.

2. **Pleadings D e—Demurrer admits relevant facts alleged and relevant inferences therefrom, but not conclusions or inferences of law.**

   A demurrer admits the relevant facts set out in the complaint and such relevant inferences of fact as may be deducible therefrom, but it does not admit conclusions or inferences of law, and references to the place where plaintiff's injury occurred as a "death trap" and to the negligence of defendant as "wilful and wanton" will be disregarded as inferences of law.

APPEAL by plaintiff from *Midyette, J.,* at November Term, 1930, of WAKE. Affirmed.

This is an action to recover damages for personal injury, in which a demurrer to the complaint was sustained.

At the time of his injury the plaintiff was a minor, fifteen years of age. The defendant maintains a roadbed and tracks extending through the city of Raleigh. At the Morgan Street intersection there is a bridge over the tracks. It is alleged in the complaint that the center supports under this bridge are not safely and properly placed in relation to the tracks, but are dangerously close to them and do not allow a safe clearance of the defendant's trains; that during a long period of time people have been riding on the defendant's trains when passing under the bridge, by holding on to the ladders on the sides of the cars; that on 24 March, 1930, about 12:30 p.m., the plaintiff and several other boys were playing at their usual playground located on or near the defendant's tracks, a short distance north of Hillsboro Street, the playground and track being within a few feet of the plaintiff's home; that the plaintiff boarded one of the defendant's freight trains, moving slowly in a southerly direction and clung to the ladder on the side of one of the defendant's box cars and passed safely under Hillsboro Street and expected to pass safely under Morgan Street, but as he reached Morgan Street the plaintiff was knocked from said car by one of the center

posts or supports under said bridge and thereby injured. The several alleged grounds of negligence are then set forth.

The defendant demurred because (a) it appears from the complaint that the defendant breached no duty it owed the plaintiff, and (b) because it appears that the plaintiff by his own negligence contributed to his injury.

*T. D. Parrish, R. L. McMillan and C. A. Douglass for plaintiff.*
*Murray Allen for defendant.*

PER CURIAM. The demurrer filed by the defendant admits the relevant facts set out in the complaint and such relevant inferences of fact as may be deducible therefrom, but it does not admit conclusions or inferences of law. *Yarborough v. Park Commission,* 196 N. C., 284; *Ballinger v. Thomas,* 195 N. C., 517.

We are of opinion that the complaint, examined in the light of this rule, does not set forth the breach of any duty the defendant owed the plaintiff. *Bailey v. R. R.,* 149 N. C., 169; *Monroe v. R. R.,* 151 N. C., 374; *Brigman v. Construction Co.,* 192 N. C., 791. Reference to the place of the accident as a "death trap" and to the alleged negligence of the defendant as "wilful and wanton" may be disregarded as inferences of law, because the facts relied on are clearly and fully stated. Judgment

Affirmed.