MINNIE BAKER, Administratrix, et al., v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 1 November, 1933.)

1. **Railroads D d—Driver falling asleep and running car into pier of underpass held not entitled to recover of railroad company.**

The evidence tended to show that the driver of an automobile fell asleep and ran his car into a concrete pillar supporting a railroad trestle over a highway underpass, and that there was a distance of 10½ or 11 feet on either side of the concrete pillar for the passage of traffic. *Held,* the driver may not recover from the railroad company for injuries resulting to him from the accident.

2. **Automobiles C j—Negligence of driver in running car into pier of underpass held to bar recovery against railroad by guest's administrator.**

> The evidence tended to show that concrete pillars were constructed to support a railroad trestle over a highway underpass, that the center pillar stood in the middle of the highway with a distance of 10½ or 11 feet on either side for the passage of traffic, that the pillar had reflectors placed on it by the State Highway Commission, that the Highway Commission had approved the plans for the underpass, and that the driver of a car in which plaintiff's intestate was riding as a guest, fell as'eep and ran the car into the pillar, resulting in the death of plaintiff's intestate. *Held*, the negligence of the driver was active, while the negligence of the railroad company, if any, in the construction of the underpass was passive, and the driver's negligence *is held* to be the sole proximate cause of the accident barring a recovery against the railroad company for the guest's death, and rendering it unnecessary to decide whether defendant railroad company could be held liable for negligent construction of the underpass in view of its approval by the State Highway Commission.

3. **Pleadings G c—**

> An allegation that the negligence of defendant railroad company in maintaining an underpass in an unsafe condition was "wanton" is a mere conclusion of the pleader.

4. **Appeal and Error J g—**

> Where actions are correctly nonsuited, other exceptions of record need not be considered.

APPEAL by plaintiffs from *Grady, J.,* at May Term, 1933, of PITT.

Civil actions by owner and driver of automobile and administratrix of invited guest to recover damages (1) for injuries sustained by owner and driver, and (2) for death of invited guest, both alleged to have been caused by the wrongful act, neglect or default of the defendant, and as the two causes of action arose out of the same collision or the same state of facts, for convenience, they were consolidated and tried together. *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171.

The determinative facts are these: State Highway No. 90 passes under the tracks of the defendant railroad just west of the town of Williamston, this State. In 1923, pursuant to plans approved by the State Highway Commission, the defendant reconstructed or rebuilt this underpass, or the trestle over the hard-surfaced road, and, in doing so, erected center piers, of two or three feet in width, for the support of its track or trestle, leaving a driveway on either side of 10½ or 11 feet. The roadway is approximately 24 feet wide for a distance of about 96 feet before reaching the underpass. The center piers or posts are not lighted, though they are equipped with reflectors, placed upon them by the State Highway Commission.

On the night of 4 August, 1929, about 12:30 a.m., the plaintiff, Jacob C. Williams, was driving his Ford automobile along said high-

way, with Heber C. Baker, an invited guest, sitting on the front seat with him. Just before reaching said underpass, Williams fell asleep and ran his automobile into the center column, injuring himself and his car and killing his guest. He testified that he "dozed off" or "fell asleep temporarily" at a point 200 or 300 feet from the underpass, and "when I last remember driving before I fell asleep, I was driving about 35 miles per hour." He further said that he saw the lights of Williamston before he "went to sleep, and was entirely familiar with the route." He could not say whether the deceased was asleep or saw him sleeping.

Upon these, the facts chiefly pertinent, the actions were dismissed as in cases of nonsuit, and from the judgments entered, the plaintiffs appeal, assigning errors.

*Julius Brown for plaintiffs.*
*Thomas W. Davis, V. E. Phelps and MacLean & Rodman for defendant.*

STACY, C. J. That the driver of the automobile, who fell asleep and ran his car into the center post, injuring himself and killing his companion, cannot recover is too plain for debate. *Blood v. Adams,* 169 N. E. (Mass.), 412; *Potz v. Williams,* 155 Atl. (Conn.), 211. He was not driving along a street which abruptly terminated in a river without barricade or lights as was the case in *Willis v. New Bern,* 191 N. C., 507, 132 S. E., 286. Nor was he unfamiliar with the road. There are none so blind as those who have eyes and will not see. *Furst v. Merritt,* 190 N. C., 397, 130 S. E., 40. The law is not able to help him. *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598.

It is equally clear, we think, that the negligence of the driver was the sole, proximate cause of plaintiff's intestate's death. *Hinnant v. R. R.,* 202 N. C., 489, 163 S. E., 555; *Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361.

Such was the holding of the Louisiana Court of Appeal, *Becker v. Ill. Cent. R. Co.,* 147 So., 378, on a state of facts identical in principle with those of the present case, where *Janiver, J.,* delivering the opinion of the Court, took occasion to say:

"It must be conceded that, if there had been no center pier there could have been no collision therewith, but it does not follow that, because there was a pier, its presence can be said to have been the proximate cause of the collision. It might as well be said that, had the truck not been manufactured, it could not have run into the pier, and that therefore the manufacturers, because they made the truck, are chargeable with the accident.

"There must be overhead trestles, and there must be other obstructions near highways without which all such highways would of course, be more

safe. If all roads could be absolutely straight and could be built without any structures of any kind on or near them, of course there would be fewer accidents, but it does not follow that those who build roads with curves in them, or those who maintain necessary objects near them, are liable for all accidents in which such curves or such obstructions are remotely concerned. That the mere fact that the roadway would be safer without such piers does not render a railroad owning such piers liable was held in a case closely resembling this, *Tennessee Central Railway Co. v. Hancock's Administralrix,* 245 Ky., 426, 53 S. W. (2d), 708, 710, in which the Court said: 'Measuring the duty as of the time of the accident, it is difficult to perceive any negligence on the part of the defendant to have been established. The condition disclosed in the record was not intrinsically dangerous or hazardous. The space between the piers was practically the same as the paved surface of the highway. The approach to it was not abrupt or sudden. The situation was visible for such a distance as would enable any one traveling at a reasonable rate of speed to bring his car to a complete stop if that should become necessary. The railroad company has but exercised its legal powers, and does not appear from this record to have violated any duty in erecting or maintaining the viaduct, or in meeting the requirements which ordinary use of the highway by those exercising due care for their own safety and security demands, although perhaps the highway may be less safe at the point than it would if there were no railroad crossing there. The mere occurrence of an unfortunate accident at the place is not sufficient to require the payment of damages by the railroad company. The Court is of the opinion that the verdict is flagrantly against the evidence.'

"The question to be determined is whether the obstruction proximately caused the accident, or whether the cause was some independent, intervening act of some one else, which act, in the eyes of the law, was the actual or proximate cause. . . .

"We may likewise say here that granting that the railroad company was negligent in permitting the pier to be erected in the highway (which cannot be granted as a matter of fact), could it be reasonably apprehended or foreseen that a person would approach in an automobile without maintaining the slightest lookout ahead? It is not to be presumed that a person will operate an automobile without looking ahead any more than it is to be presumed that a person will operate one at a speed in excess of legal limits. If, in the one case, the reckless speed is the proximate cause of the accident and the obstruction only incidental, why cannot it be said in the other that the failure to look is the proximate cause and the obstruction merely incidental?"

The conclusions reached by the Louisiana Court are supported by our own decisions, *Hinnant v. R. R., supra, Herman v. R. R., supra,* as well

as by those of other jurisdictions. *Davis, Agent, v. Schroeder,* 291 F., 47; *Pugh v. City of Cattleburg,* 214 Ky., 312, 283 S. W., 89; *Lind v. Great Northern Ry. Co.,* 214 N. W. (Minn.), 763.

Whether the defendant could be held liable for negligent construction of the underpass, in view of its approval of the State Highway Commission, we make no definite ruling, as it is unnecessary to do so on the present record. In any event, the negligence of the defendant, if any, was only passive, while that of the driver of the automobile was active, and must be regarded as the sole, proximate cause of plaintiff's intestate's death. *Brigman v. Const. Co.,* 192 N. C., 791, 136 S. E., 125. The allegation that the negligence of the defendant in constructing and maintaining said underpass in an unlawful manner was "wanton" is but a conclusion of the pleader or a mere *brutum fulmen. Andrews v. R. R.,* 200 N. C., 483, 157 S. E., 431.

There are other exceptions appearing on the record, but as the actions were properly dismissed as in cases of nonsuit, they are not regarded as material, but are moot, hence not determined.

Affirmed.