## SCHAFER v YOUNGSTOWN MUNI RY CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 15, 1935

Kaufman & Neiman, Youngstown, and Max Heizler, Youngstown, for plaintiff in error.

Harrington, Huxley & Smith, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

Now, it is claimed by the plaintiff in his petition that the operator of the bus, knowing of the drunken condition of this colored passenger, permitted him to enter the same, and that before he entered he openly displayed a bottle of intoxicating liquor and entered into a quarrel with the bus driver; that the conversations between the two were hilarious and boisterous, the quarrel being due to the fact that the intoxicated passenger had refused to show the driver a pass entitling him to transportation, and it is claimed notwithstanding these facts the driver permitted the passenger to enter the bus; that the driver of the bus continued to quarrel with the passenger and finally ejected him and continued to quarrel with him until he and the passenger had reached the sidewalk, when he turned and proceeded toward the bus, at which time he threw the bottle at him. Does this petition set out a cause of action? If so, then the issues should be properly made up and submitted to a jury.

Now, it is urged by the defendant that

the bus driver could not have foreseen or anticipated that the passenger would do the thing he did, and therefore the defendant company could not be held liable. The rule laid down in the case of Brown v Chicago R. I. & P. Co., 139 Fed., 972, which is a case cited by counsel for defendant in error, is to the effect that:

"The liability or non-liability of the carrier of passengers in cases of this nature must be held to depend upon the presence or absence of evidence tending to show the employes of the defendant carrier either knew or by the exercise of due care should have known from the circumstances of the particular case, injury to passenger was threatened or impending, which injury, by the exercise of that high degree of care which the law requires of a carrier of passengers for the safety and protection of passengers, might not only have been foreseen but guarded against, thus averting the injury."

Under these circumstances should not the operator have foreseen and anticipated that with a bottle in his hand he might in this drunken condition do the very thing he did. One dealing with a drunken person should anticipate that such a person often times will commit acts that he would refrain from so doing in his sober moments.

In 15 A.L.R., 884, the author uses the following language:

"It is ordinarily a question for the jury whether a conductor in the exercise of that degree of care required of him by law ought to have foreseen from the circumstances of the case that an intoxicated passenger would probably injure a passenger."

The author cites many authorities supporting the text. In the case of Peel v Cleveland Railway Co., 11 Oh Ap, 462, the first paragraph of the syllabi is as follows:

"The liability of a carrier for injuries inflicted upon a passenger by reason of an unprovoked assault by a fellow passenger, depends upon the presence or absence of evidence showing that the employe of the carrier knew, or, by the exercise of due care, should have known from all the facts and circumstances, that injury to the passenger was threatened or impending, and, in the absence of such evidence, it is not error for the trial court to enter non-suit for the carrier at the conclusion of plaintiff's evidence."

It will be observed that in that case, the case was tried to the point where plaintiff had rested his case, and the evidence indicated that he had heard no threats or angry words of any kind immediately preceding the assault upon the plaintiff, and the proof also disclosed that no circumstances whatever which in the slightest degree would tend to challenge the notice of the conductor or cause him or anyone else to apprehend that when A. walked to the seat occupied by B., he intended to make an assault, and the court held that there was nothing in the proof to challenge the notice of the conductor of an impending assault, nor was there anything in the proof which would possibly arouse the suspicion of the conductor or anyone else that there would happen what in fact did thereafter happen, that there was nothing disclosed in the proof which would cause a reasonably prudent person, in the exercise of the highest degree of care under the circumstances, to anticipate this assault, and this was the reason the court directed a verdict in that case. Had there been a quarrel in progress upon the car, and the conductor had such knowledge, a different case would have been presented. In the case at bar the bus driver himself, according to the evidence, was quarreling with the ejected passenger.

It has been urged that the bus driver was not acting in the scope of his authority. However, from the allegations of the petition, we are not fully informed as to whether the quarrel, which took place after leaving the bus, was in furtherance of the business of the company or not. The allegations to that effect are not specific. However, as stated in Andrews v Seaboard Air Line Ry. Co., 157 SE, 431, a demurrer admits relevant facts alleged and relevant inferences of fact deducible. Also, in Griffin Grocery Co. v Scroggins, 293 Pac., 235, the court held that demurrer to petition and objection to introduction of evidence on ground petition fails to state cause of action, are properly overruled when petition alleges and rational inferences deducible therefrom authorize recovery.

There is also a line of cases which holds that the master who puts the servant in a place of trust or responsibility, or commits to him the management of his business, or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion, aroused by the circumstances and occasion, goes beyond the strict line of his

duty and authority and inflicts an unjustifiable injury upon another.

We can not say as a matter of law that under these circumstances, as alleged in the petition, there was no liability, but presented questions of fact to be determined by the jury under proper instructions.

It is the conclusion of this court that the petition does state sufficient facts requiring submission thereof to the jury, and coming to this conclusion we find that the lower court erred in sustaining the demurrer. Reversed and remanded to the lower court for further proceedings according to law.

NICHOLS, J, concurs.

### CONCURRING OPINION

ROBERTS, J, concurs,

But says that he does so with reluctance, because the issue was determined on the sustaining of a demurrer to the petition. which petition was largely composed of considerations of fact, that it is largely a matter of conjecture as to what the issues would have been had the petition been tested by a motion to make more definite and certain. The courage of counsel to rely on conclusions for test by demurrer may be admirable, but judgment in so doing is more doubtful. The case of plaintiff on petition when made to conform to rules of pleading might be very different.

As is recalled, the oral argument was largely devoted to what it was claimed the evidence would be rather than to what the allegations of the petition were as to whether or not it alleged a cause of action.