G. C. SMITH, ADMINISTRATOR OF JENNETTE STEGALL, v. THE CITY OF MONROE.

(Filed 11 December, 1935.)

**Municipal Corporations E c: Negligence B c—Active negligence of third person held sole proximate cause of accident causing death.**

The complaint in this action against a municipality for wrongful death alleged in effect that the car in which plaintiff's intestate was riding was struck by another car which was negligently operated, and that the car in which intestate was riding was thrown by the impact against a foot-high curb surrounding an unpaved eight-foot space maintained by defendant city in the center of the street, without signals or warnings, and that the curb caused the car in which intestate was riding to overturn, resulting in the death of intestate. *Held:* Whether the defendant city was negligent in maintaining the unpaved space surrounded by a curb in the center of the street is immaterial to plaintiff's right to recover, since defendant city would not be liable to plaintiff under any circumstances, defendant city's negligence, if any, being passive, and the negligence of the driver of the car which struck the car in which intestate was riding being active and the sole proximate cause of intestate's death.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the plaintiff from judgment sustaining demurrer *ore tenus* entered by *McElroy, J.,* at August Term, 1935, of UNION. Affirmed.

*Cansler & Cansler and A. M. Stack for plaintiff, appellant.*
*E. Osborne Ayscue for defendant, appellee.*

SCHENCK, J. This is a civil action, instituted by the plaintiff to recover damages for the wrongful death of his intestate, alleged to have been proximately caused by the negligence of the defendant. The plaintiff alleges that his intestate was riding in a car driven by her father, T. B. Stegall, in an easterly direction on Franklin Street in the city of Monroe, and when said car had practically crossed the intersection of Franklin Street and Crawford Street a car driven by Beda Teague in a northerly direction on Crawford Street entered the intersection and turned east on Franklin Street and ran into the right rear wheel of the Stegall car and knocked the left rear wheel of said car against the curbing surrounding an unpaved eight-foot space in the center of Franklin Street, which turned the Stegall car over and almost instantly killed the plaintiff's intestate.

The specific negligence alleged against the defendant city is that it maintained a space of land in the center of Franklin Street unpaved and surrounded by a foot high curb, which constituted a permanent and dangerous obstruction and nuisance in Franklin Street, and reduced the

width of said street from 40 feet to 16 feet on either side of said unpaved space, and, further, failed to erect on or near said street signals or warnings of such danger.

The defendant demurred *ore tenus* upon the ground that "the complaint did not state facts sufficient to constitute a cause of action against said defendant for that the allegations of the complaint establish that the plaintiff's intestate was injured solely and proximately by the negligence of Beda Teague." The court sustained the demurrer and entered judgment accordingly, which action the plaintiff assigns as error upon appeal.

It is not necessary for us to decide the question as to whether the city was negligent in maintaining the unpaved eight-foot space, surrounded by a foot-high curb in the center of Franklin Street, without signals or warnings on or near the street, since we are of the opinion that, under the allegations contained in the complaint, the negligence of the defendant, if any, was only passive, while the negligence of Beda Teague, the driver of one of the cars involved in the collision, was active, and must be regarded as the sole proximate cause of the plaintiff's intestate's death. This case is governed by the principles enunciated in *Baker v. R. R.*, 205 N. C., 329, and cases there cited.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.