LESTER J. WEINER AND MILTON WEINER, TRADING AS SIOUX SPORT-WEAR, v. EQUEL'S STYLE SHOP, INC.

(Filed 25 November, 1936.)

**1. Pleadings C b—Counterclaim in tort in this action held not to have arisen from contract sued on, and demurrer to counterclaim was proper.**

Plaintiff sued to recover the balance alleged to be due on a contract for the sale of goods to defendant. Defendant denied the debt in the sum demanded, alleged tender of the correct amount, and set forth a counterclaim for libel, alleging that plaintiffs had written a wholesaler and a credit association letters containing statements injuring defendant's credit and standing, and that the statements were untrue and malicious. *Held:* The counterclaim in tort for libel did not arise out of the contract on transaction sued on, and was not connected with the same subject of action within the meaning of N. C. Code, 521, and plaintiffs' demurrer to the counterclaim was properly sustained.

**2. Pleadings D e—**

A demurrer admits relevant facts properly pleaded together with inferences of fact reasonably deducible therefrom, but does not admit conclusions or inferences of law.

APPEAL by defendant from *Barnhill, J.,* at Second June Term, 1936, of WAKE. Affirmed.

This action was brought on 17 January, 1935, by plaintiffs against defendant for the price of goods, wares, and merchandise sold and delivered to it in October and November, 1933, amounting to $470.01, with credits amounting to $156.50, leaving a balance due of $313.51, and interest. In the answer defendant admits that it promised and agreed to pay for the said goods, wares, and merchandise so sold and delivered $470.01, less 8 per cent trade discount. That it made payments on the account amounting to $156.50, as alleged. That it is entitled to an additional credit of $25.08, which represents the trade discount of 8 per cent. The defendant further says: "It is denied that the defendant has refused to pay any part thereof, as alleged by the plaintiffs; on the contrary, the defendant, on 30 December, 1933, tendered to the plaintiffs the sum of $288.43, which represented the full amount then owing to the plaintiffs, and said amount was refused by the plaintiffs and check therefor was wrongfully returned to this defendant. That on account of the matters and things hereinafter alleged, the plaintiffs should not be permitted now to recover anything whatsoever from this defendant."

The defendant, as a further defense, counterclaim, set-off, and as a cross action against plaintiffs, among other things, alleges: "That practically all of the merchandise purchased by the defendant for its said store in the said city of Raleigh was purchased on the New York market.

23—210

That on 7 August, 1934, the plaintiffs wrongfully, wantonly, maliciously, and libelously, and with intent to injure and damage the defendant and its good name, fame, reputation, and credit, wrote Handcraft Sportwear Company, Inc., of New York City, to whom the defendant had applied for credit, of and concerning the defendant Equel's Style Shop, Inc., the following: 'Would not ship under any condition.' Meaning thereby that shipments of merchandise should not be made to the defendant on credit. 'Unjust returner.' Meaning thereby that the defendant would not act honestly and in good faith in returning merchandise for credit. 'We are now suing,' meaning thereby that the plaintiffs were then suing the defendant for merchandise, which was untrue inasmuch as no suit had then been brought; 'and cannot collect,' meaning thereby that the defendant was insolvent, which is untrue. 'Very unscrupulous,' meaning thereby that the defendant was unreliable and would not deal honestly in its business transactions. All of which said publication was false, malicious, and unwarranted, and was and is libelous, and was, as hereinbefore alleged, made with intent to injure and damage the defendant in its said business. That the defendant is informed and believes, and therefore alleges, that the plaintiffs made the same or similar false, malicious, unwarranted, and libelous statements to the Credit Clearing House Adjustment Corporation of and concerning the defendant Equel's Style Shop. That the libelous publication made by the plaintiffs grew out of the same transaction sued upon by the plaintiffs, and was connected with the subject of the action. That the defendant has, as a direct and proximate result of the plaintiffs' aforementioned wrongful and illegal conduct, been injured and damaged in its good name, fame, reputation, and credit to the extent of at least $5,000. Wherefore, the defendant prays: (A) That the plaintiffs recover nothing herein. (B) That the defendant recover from the plaintiffs the sum of $4,711.57, and the costs of this action, to be taxed by the clerk; and (C) for such other and further relief as to the court may seem just and proper."

The plaintiffs demurred to the further defense as follows: (1) The cause of action alleged 'and set forth in said further defense, counterclaim, set-off, and cross action against the plaintiffs is not a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, or connected with the subject of the action. (2) The said alleged further defense, counterclaim, set-off, and cross action against the complaint is not such demand as can be set up as a counterclaim in this action. Wherefore, plaintiffs pray that this, their demurrer, be sustained, that said alleged further defense, counterclaim, set-off, and cross action against the plaintiffs be stricken out, and that plaintiffs be granted the relief prayed for in the complaint."

The court below rendered the following judgment: "This cause coming on at the Second January, 1936, Term of Wake County Superior Court, before his Honor, M. V. Barnhill, to be heard upon the demurrer filed by the plaintiffs to the counterclaim of the defendant, and being heard, and the court being of opinion that said demurrer should be sustained and said counterclaim dismissed: It is thereupon considered, ordered, and adjudged that the demurrer filed by the plaintiffs to the counterclaim of the defendant be and the same is hereby sustained, and the said counterclaim is dismissed. M. V. Barnhill, Judge presiding." To the foregoing judgment defendant excepted and assigned error, and appealed to the Supreme Court.

On the action by plaintiffs against defendant for the price of goods, wares, and merchandise sold and delivered to defendant, the issue submitted to the jury and their answer thereto were as follows: "Is the defendant indebted to plaintiffs, and if so, in what amount? Answer: '$313.51, with interest from 10 December, 1933.'"

On the verdict, judgment was rendered for the amount found by the jury to be due, and the cost of action.

*Allen J. Barwick and Smith, Leach & Anderson for plaintiffs.*
*R. L. McMillan and Douglass & Douglass for defendant.*

CLARKSON, J. N. C. Code, 1935 (Michie), sec. 521, is as follows: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

The plaintiffs sued defendant to recover the price for goods, wares, and merchandise sold and delivered to it. The debt is not denied, but defendant sets up a counterclaim—a tort action for slander occurring some time after the sale. We do not think the above section, construed liberally, is elastic enough to permit a counterclaim for slander—a tort action—under the facts and circumstances of this case. In fact, we think the case of *Milling Co. v. Finlay,* 110 N. C., 411, decisive of the question. At p. 412, speaking to the subject, it is said: "The plaintiff complains that the defendants being indebted to it, accepted a draft drawn on them by the plaintiff, and have failed to pay it. The defendants allege that the plaintiff slandered them as to their pecuniary standing, and injured their credit and business, and seek damages therefor by way

of counterclaim. This did not arise out of contract, and therefore could not be pleaded under subsection 2 of section 244 of The Code (N. C. Code [Michie], section 521, *supra*); nor could it be pleaded under the first subsection thereof, because it did not 'arise out of the contract or transaction which was the ground of the plaintiff's claim,' nor was it 'connected with the subject of the action'—the contract made by the acceptance of plaintiff's draft. *Byerly v. Humphrey*, 95 N. C., 151." *Thompson v. Buchanan*, 195 N. C., 155 (158).

In the case of *Price v. Kobacker Furniture Co.*, 152 N. E., 301, 20 Ohio App., 464, plaintiff brought action against defendant on account of goods sold and delivered, and defendant filed a counterclaim setting forth a cause of action for injuries which he claimed to have sustained through being blacklisted as to his credit by reason of adverse information having been given by his creditor to a credit association. In its opinion the Court said: "Assuming that the counterclaim states facts sufficient to constitute a cause of action, let us inquire whether or not the facts pleaded are such as to be the basis of a counterclaim under the provisions of section 11317 above quoted. There are two classes of counterclaim provided for in that section, first, those arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, and, second, those connected with the subject of the action. The contract or transaction set forth in the petition was that involved in the selling to defendant of certain goods on account. It could hardly be said by any stretch of the imagination that the blacklisting arose out of the sale of the goods or the contract on which such sale was based. We may, therefore, dismiss that part of the statute from further consideration. Whether or not the blacklisting was connected with the subject of the action is a question presenting, at first blush, more difficulty. We are of the opinion that the principle enunciated in the case of *Williams v. Ederer*, 18 Ohio Cir. Ct. R. (N. S.), 515, is applicable. In that case Ederer sued Williams on an account for goods sold and delivered. Williams counterclaimed, setting up a tort growing out of the sending of a letter by Ederer's attorney, who had the claim for collection, to Williams' employer, by reason of which Williams lost his job. It was held that such a tort was not the proper subject of the counterclaim, and that a cause of action based thereon was insufficient in law. If the debtor refuses to pay the amount which his creditor claims is due him, the latter may become aggravated and blacklist the defendant, commit an assault and battery upon him, wrongfully write a letter to his employer bringing about his discharge, or commit some other similar tort. If that result follows, can it be said that such tort is connected with the subject of the action? We think it is not even remotely so connected. The failure to pay the account is, in such cases, merely the motive for

the commission of the tort." *Columbia Nat. Bank v. Rizer,* 150 S. E., 316 (S. C.); *Watts v. Gantt,* 61 N. W., 104, 107 (Neb.); *Bank of Charleston v. Bank of Neeses,* 119 S. E., 841 (S. C.); *Hendrickson v. Smith,* 189 P., 550 (Wash.); *Lyric Piano Co. v. Purvis,* 241 S. W., 69 (Ky.).

The defendant contends that the demurrer admits the allegation in the complaint, viz.: "That the libelous publication made by the plaintiffs grew out of the same transaction sued upon by the plaintiffs, and was connected with the subject of the action."

It is well settled in this jurisdiction that a demurrer filed admits the relevant facts set out and such relevant inferences of fact as may be deducible therefrom, but does not admit conclusions or inferences of law. *Andrews v. R. R.,* 200 N. C., 483 (484). We think the allegation relied on a conclusion of the pleader. *Baker v. R. R.,* 205 N. C., 329 (333).

For the reasons given, the judgment of the court below is
Affirmed.