15067

COASTAL PRODUCE ASS'N v. WILSON

(8 S. E. (2d), 505)

May, 1939.

*Messrs. Brantly Seymour* and *John P. Grace,* for appellant,

*Mr. John I. Cosgrove,* for respondent,

April 16, 1940.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The appeal is from an order of the Circuit Court sustaining a demurrer interposed by the plaintiff to a counterclaim set up by the defendant in his answer.

The questions presented involve the construction and application of the provisions of Section 468, 1932 Code in relation to counterclaims. The trial Judge construed the complaint as stating a cause of action on contract, namely, a chattel mortgage, which was executed and delivered by the defendant to the plaintiff in January, 1937. He held that the counterclaim set up by the defendant stated a cause of action for damages *ex delicto,* and was not allowable, because it was based upon an independent, disconnected tort, not arising out of the contract or transaction alleged in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

It is set forth in the complaint that the defendant, on or about January 4, 1937, executed and delivered to the plaintiff a chattel mortgage of certain crops, to secure an indebtedness of $4,000.00; that although often requested to do so, defendant had not accounted for the crops covered by the mortgage, nor the proceeds of the sale thereof, except to the extent of approximately $3,100.00, leaving unaccounted for under the trust and fiduciary provisions of the contract the sum of approximately $800.00, and interest. The plaintiff further alleged, on information and belief, that the defendant had sold and disposed of the crops under mortgage, had converted the same to his own use, and had embezzled the property, or the proceeds of sale thereof, in fraud of plaintiff's rights.

The plaintiff prayed that defendant be required to account for the crops covered by the mortgage, or for the proceeds of the sale thereof; for judgment in the sum of $837.14 with interest, or for such amount as may be shown to be due it upon a proper accounting; for an order in arrest and bail, if any judgment against defendant should be returned unsatisfied; and for general relief, with costs.

By his answer, the defendant admitted the execution of the crop mortgage; admitted that he must account to the plaintiff, but denied that he was indebted to the plaintiff in any amount, or that he had disposed of the crops in violation of the mortgage.

By way of counterclaim, the defendant alleged that pending an accounting between him and the plaintiff, the latter threatened a criminal prosecution against him unless he should pay the balance claimed to be due; and that it accompanied the threats by other malicious and wrongful activities, in that it sought to destroy his business by slandering his credit. It is further charged that the plaintiff slandered the defendant by the use of these words in the presence of others: "If you don't pay this sum it is a criminal of-

fense, and you will be put in jail." Damages in the sum of $10,000.00 are claimed.

The major inquiry is whether or not the alleged counterclaim comes within the purview of the statute.

Section 468 of the Code provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the follownig causes of action.

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"(2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

It will be observed from a reading of the foregoing section that three cases are provided for in which a counterclaim is permissible: First, in a case where the cause of action is set out in the counterclaim arises out of the contract or transaction set up in the complaint; second, a cause of action connected with the subject of the action; and, third, in an action arising on a contract, any other cause of action arising on contract, and existing at the commencement of the action. We are not here concerned with the third proposition which comes under subdivision (2) of the statute.

A cause of action based on tort may be set up as a counterclaim to an action based on contract, provided the statutory requirements of counterclaims are fulfilled. *Columbia National Bank v. Rizer,* 153 S. C., 43, 150 S. E., 316, 319, 68 A. L. R., 443.

It is generally recognized that one of the primary purposes for adopting the Code system of pleading was to avoid, as far as possible, a multiplicity of suits, and to enable parties to determine their differences in

one action. The statute authorizing counterclaims, however, carries its own limitation. While the statute should be given a liberal construction, as is contended for by the appellant, it does not authorize a defendant to set up by way of counterclaim any and every cause of action he may have against a plaintiff. If the tort alleged in the defendant's counterclaim does not arise out of the contract alleged in the complaint, or out of the transaction (where a transaction, and not a contract, is set forth as the basis of the complaint), or is not connected with the subject of the action, it is an independent tort, and not the subject of a counterclaim. *Columbia National Bank v. Rizer, supra.*

In *Columbia National Bank v. Rizer, supra,* upon the decision in which the order appealed from is largely based, we quoted the following with approval from *Meyer v. Quiggle,* 140 Cal., 495, 74 P., 40: "It was not the intention of the reformed procedure to allow persons having independent claims against each other, the relief authorized in one having no relation to that which could be given in the other, nor in any manner affecting it, to settle them all in one action upon the sole ground that, as they had been brought into Court to contend against each other with respect to one case or dispute, they should at that time and place settle all other matters of controversy existing between them."

Numerous other cases are cited and quoted from in the *Rizer case,* which we think settle the controversy here adversely to the contention of the appellant.

In addition to the authorities cited in *Columbia National Bank v. Rizer,* a case very much in point is that of *Price v. Kobacker Furniture Company,* 20 Ohio App., 464, 152 N. E., 301, 302. In that case the plaintiff brought action against the defendant on account of goods sold and delivered, and defendant filed a counterclaim setting forth a cause of action for injuries which he claimed to have sustained through being blacklisted as to his credit, by reason of adverse information having been given by his creditor

to a credit association. In this opinion the Court said: "Assuming that the counterclaim states facts sufficient to constitute a cause of action, let us inquire whether or not the facts pleaded are such as to be the basis of a counterclaim under the provisions of section 11,317, above quoted. There are two classes of counterclaim provided for in that section: First, those arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim; and, second, those connected with the subject of the action. The contract or transaction set forth in the petition was that involved in the selling to defendant of certain goods on account. It could hardly be said by any stretch of the imagination that the blacklisting arose out of the sale of the goods, or the contract on which such sale was based. We may, therefore, dismiss that part of the statute from further consideration. Whether or not the blacklisting was connected with the subject of the action is a question presenting, at first blush, more difficulty. We are of the opinion that the principle enunciated in the case of *Williams v. Ederer,* 18 Ohio Cir. Ct. R. (N. S.), 515, is applicable. In that case Ederer sued Williams on account for goods sold and delivered. Williams counterclaimed, setting up a tort growing out of the sending of a letter by Ederer's attorney, who had the claim for collection, to Williams' employer, by reason of which Williams lost his job. It was held that such a tort was not the proper subject of a counterclaim and that a cause of action based thereon was insufficient in law. If the debtor refuses to pay the amount which his creditor claims is due him, the latter may become aggravated and blacklist the defendant, commit an assault and battery upon him, wrongfully write a letter to his employer, bringing about his discharge, or commit some other similar tort. If that result follows, can it be said that such tort is connected with the subject of the action? We think it is not even remotely so connected. The failure to pay the account is, in such cases, merely the motive for the commission of the tort."

The North Carolina Supreme Court had the same question before it in the case of *Weiner v. Equel's Style Shop,* 210 N. C., 705, 188 S. E., 331, 332. This case involved an action for the price of goods sold and delivered. Upon a counterclaim for damages for alleged slander, the Court said: "The plaintiffs sued defendant to recover the price for goods, wares, and merchandise sold and delivered to it. The debt is not denied, but defendant sets up a counterclaim—a tort action for slander occurring some time after the sale. We do not think the above section, construed liberally, is elastic enough to permit a counterclaim for slander —a tort action—under the facts and circumstances of this case. In fact, we think the case of *Milling Company v. Finlay,* 110 N. C., 411, 15 S. E., 4, 5, decisive of the question."

In *Milling Company v. Finlay, supra,* the Court, speaking to the subject, said (110 N. C., 411, 15 S. E., 5) : "The plaintiffs complain that the defendants, being indebted to it, accepted a draft drawn on them by the plaintiff, and have failed to pay it. The defendants allege that the plaintiff slandered them as to their pecuniary standing, and injured their credit and business, and seek damages therefor by way of counterclaim. This did not arise out of contract, and therefore could not be pleaded under Subsection 2 of Section 244 of the Code [N. C. Code (Mitchie) Section 521, *supra*] nor could it be pleaded under the first subsection thereof, because it did not 'arise out of the contract or transaction which was the ground of the plaintiff's claim;' nor was it 'connected with the subject of the action,'—the contract made by the acceptance of plaintiff's draft. *Byerly v. Humphrey,* 95 N. C., 151."

The case of *Columbia National Bank v. Rizer,* to which we have referred, was an action on contract upon notes which had been issued and delivered in March, 1927. In May, 1928, the plaintiff bank advertised for sale other notes which were collateral to the obligations sued upon, stating in the advertisement that Rizer had endorsed them, which

statement was untrue. When Rizer was sued upon the master obligation actually endorsed by him, he counterclaimed for damages on account of the said libel.

This Court held, among other things, that the counterclaim was not allowable, because, (a) the tort complained of was an independent tort, not connected with the subject of the action, the note sued on; (b) the tort sprang from the breach of a legal duty not attributable to anything contained in the contract sued on; and (c) the tort was not one which the parties could be supposed to have foreseen and contemplated in their mutual acts.

In the case at bar the cause of action for tort set up by the defendant is not the subject of a counterclaim under the statute, because it did not arise out of the "contract" nor out of the "transaction", which is a broader term than "contract." Nor can it be said that such tort action was connected with "the subject of the action".

The alleged tort is a slander, which if true constitutes a breach of a legal duty, but it is not attributable to anything contained in the contract sued upon. It is not a tort which the parties could be supposed to have foreseen and contemplated in their mutual acts. We said in *Salley v. McCoy,* 186 S. C., 1, 195 S. E., 132, 136: "The connection must be immediate and direct. A remote, uncertain, partial connection is not enough to satisfy the requirements of the statute."

We have studied with much interest the able argument of the appellant, but after a review of the many authorities, both in and out of this State, we think the conclusion reached by the Circuit Judge was right.

Appellant likewise contends that two causes of action are set up in the complaint, one on contract and one in tort (conversion). We think this position is untenable.

Although there is a broad distinction between causes of action arising *ex contractu* and those arising *ex delicto,* the dividing line between breaches of con-

tract and torts often lies in the twilight zone, where it is difficult to determine whether the case applies strictly to the one or to the other. There is no certain test by which the Court can be guided in determining whether a particular action is *ex delicto* or *ex contractu*. *V. P. Randolph & Company v. Walker,* 78 S. C., 157, 59 S. E., 856; *Shaw v. Great Atlantic & Pacific Tea Company,* 189 S. C., 437, 1 S. E. (2d), 499, 500.

In *Shaw v. Great Atlantic & Pacific Tea Company, supra,* it was said: "Where a complaint states a cause of action in contract, and it appears that this is the gravamen of the action, it has been held that the nature of the action as *ex contractu* is not affected or changed by the fact that there are also allegations in regard to tortious conduct on the part of the defendant, such as allegations in regard to negligence, or fraud, or conversion, which in such cases may be disregarded as surplusage. 1 C. J. S., Actions, Sec. 46, Pages 1100, 1101. Conversely it is true that an action may be regarded as one in tort where the allegations with reference to a contractual relation may be treated not as the gist of the action, but merely preliminary, and introductory to the statement of the tort action. *St. Charles Mercantile Company v. Armour & Company,* 156 S. C., 397, 153 S. E., 473."

The question must be determined solely from the pleadings, with an eye as to what is the real nature of the grievance. The plaintiff brought suit for an accounting on the contract, that is, the chattel mortgage, and the defendant concedes that a cause of action based on contract is set up in the complaint. He contends that a cause of action for conversion is also alleged, sounding in tort, and that such being the case the provision of Section 485 of the 1932 Code applies. This provision reads as follows: "In all actions sounding in tort the defendant shall have the right to plead a similar cause of action against the plaintiff by way

of counterclaim: Provided, That the cause of action of the plaintiff and defendant arise out of the same state of facts."

While it is true that an allegation as to conversion is incorporated in the complaint, we are of the opinion that the cause of action therein stated is essentially contractual. And even if it could be concluded that there is a doubt as to whether the action is one on contract or one in tort, the general rule is that the doubt must be resolved in favor of holding that the action is *ex contractu. Shaw v. Great Atlantic & Pacific Tea Company, supra; Lawson v. Metropolitan Life Insurance Company,* 169 S. C., 540, 169 S. E., 430; *Spratt Building & Loan Ass'n v. Roper,* 160 S. C., 240, 158 S. E., 495; *V. P. Randolph & Company v. Walker, supra.*

It follows, therefore, that Section 485 is not applicable, for the reason that the plaintiff's action is on contract and not in tort.

Appellant, in his brief, stresses the relevancy of the holding in *International Vegetable Oil Company v. Townsend,* 156 S. C., 103, 152 S. E., 876. An examination of that case shows that the counterclaim there interposed was for damages on account of the alleged breach of the very contract sued upon, namely: Failure to supply the funds for which the bond and mortgage were given. Even if considered as a cause of action in tort it clearly arose out of the transaction between the parties and was directly connected with the cause of action sued upon, that is, the bond and mortgage.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER and J. HENRY JOHNSON and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.